873 So.2d 576 (2004)
Stephen ALLEN, Petitioner,
v.
STATE of Florida; The Florida Civil Commitment Center; Robert Broidy, Director, Florida Civil Commitment Center; Department of Children and Family Services; and Jerry Regier, Secretary, Department of Children and Family Services, Respondents.
No. 2D03-1621.
District Court of Appeal of Florida, Second District.
May 26, 2004.
*577 Julianne M. Holt, Public Defender, and Jeanine Cohen, Assistant Public Defender, Tampa, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Janet A. McDonald, Assistant Attorney General, Tampa, for Respondents.
CASANUEVA, Judge.
Stephen Allen seeks a writ of habeas corpus ordering his immediate release from his involuntary civil commitment pursuant to chapter 394, Florida Statutes (1999). Alternatively, he seeks a writ of mandamus to order the trial court to appoint him counsel. We deny the petition for a writ of habeas corpus but grant the petition for a writ of mandamus.

Procedural History
As a result of a jury verdict determining that he is a sexually violent predator in accordance with section 394.917(1), Mr. Allen is presently detained in the Florida Civil Commitment Center located in DeSoto County. Pursuant to section 394.917(2), Mr. Allen was committed to the custody of the Department of Children and Family Services on February 26, 2002. By statute, the commitment term will last until such time as his "mental abnormality or personality disorder has so changed that it is safe" for him to be at large. Id.
Mr. Allen is entitled to "an examination of his ... mental condition once every year." § 394.918(1). This process began when the Department presented Mr. Allen with a form titled "Waiver of Rights under section 394.918, Florida Statutes." The form provided, in part: "If you do not wish to have your annual clinical evaluation or do not wish to petition for release from commitment, please indicate appropriately below." It further provided: "I hereby waive my right to my annual clinical examination *578 for the current year .... By signing this waiver, I am deciding not to file a petition for release at this time." Mr. Allen declined to sign the form.[1]
This behavior was consistent with Mr. Allen's prior actions. During his time at the commitment center, Mr. Allen declined to participate in an evaluation process and refused to consent to or participate in a treatment program. Accordingly, the executive director, Dr. Robert Briody, and the clinical director, R. Michael Lipscomb, of the Florida Civil Commitment Center concluded that Mr. Allen's mental condition had not changed so that it would be safe to release him into the community. By correspondence, this information was communicated to the circuit court that had ordered Mr. Allen committed.
Upon receipt of this information, the trial court scheduled and held a hearing on March 10, 2003. The State's position was that Mr. Allen was not entitled to be present and that the Office of the Public Defender was not authorized to represent Mr. Allen. The trial court concluded that it was not necessary to set another hearing because of Mr. Allen's failure to participate in the process and thereby terminated the annual review. By order dated June 3, 2002, the trial court determined that the public defender's representation of Mr. Allen ceased upon the filing of the notice of appeal from the commitment order and would not resume until an adversarial action was pending.
On appeal, Mr. Allen asserts two arguments: first, that he was entitled to and did not receive the probable cause hearing required by section 394.918(3); and second, that he was entitled to appointed counsel.

Probable Cause Hearing
Commonly known as the Jimmy Ryce Act, Florida's Involuntary Civil Commitment of Sexually Violent Predators Act, codified in chapter 394, creates the structure and procedural requirements for the commitment, detention, and release of those found to be sexually violent predators. The resolution of Mr. Allen's first issue is dependent upon the statutory language. "The question of statutory interpretation is subject to de novo review. Our purpose in construing a statute is to give effect to the Legislature's intent.... [T]he statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent." State v. Burris, 875 So.2d 408, 410, 2004 WL 742099 (Fla. Apr. 8, 2004) (citations omitted).
As we noted in Jackson v. State, 802 So.2d 1213, 1214 (Fla. 2d DCA 2002), the "Act sets forth a procedure for commitment and includes provisions for the annual examination of committed persons and judicial review of their status." Section 394.918(1) requires that the committed person undergo an examination of his mental condition at least once a year. The results of the examination are to be provided to the circuit court that committed the person. Furthermore, "[u]pon receipt of the report, the court shall conduct a review of the person's status." Id. The statute does not describe the review that the circuit court is required to conduct. We conclude that the status review under section 394.918(1) requires the circuit court to review the report of the mental examination as well as to determine whether the *579 court file contains the annual written notice of the person's right to petition for release and the waiver of rights form, which are required to be forwarded to the court pursuant to section 394.918(2).
After performing this ministerial function, the circuit court is then required to hold the limited probable cause hearing described in section 394.918(3), at which the committed person is entitled to be represented by counsel even though he is not entitled to be present at the hearing. Section 394.918(3) states that the circuit court "shall" hold a limited probable cause hearing. It does not provide any exceptions to this requirement. For us to hold that the circuit court is not obligated to hold a limited probable cause hearing unless and until the committed person files a petition for discharge would compel us to read language into the statute that does not exist. Thus, we conclude that a committed person is entitled to an annual limited probable cause hearing.
Here, Mr. Allen was apparently afforded the opportunity to have an annual examination of his mental condition and to have the results communicated to the committing court. However, the court erred in failing to hold a limited probable cause hearing.
Our holding in this case ensures that committed persons under the Act receive procedural due process. Civil commitments under the Act constitute significant deprivations of liberty that require due process protection. See State v. Goode, 830 So.2d 817, 825 (Fla.2002). "Procedural due process requires both fair notice and a real opportunity to be heard." Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct, 795 So.2d 940, 948 (Fla.2001). In the present case, the trial court continued the petitioner's commitment without appointing counsel to represent him. Mr. Allen was afforded no opportunity to be heard nor, apparently, was he notified of the trial court's ruling in his case. Without doubt, this was a procedural due process violation.
In reaching our decision, we reject the State's argument that the circuit court is required to hold the limited probable cause hearing described in section 394.918(3) only if the committed person has filed a petition for discharge. Section 394.920, titled "Petition for release," governs the procedure pursuant to which a committed person may file "a petition for discharge at any time after commitment" without the approval of the Department.[2] Section 394.920 is separate from, and does not trigger, the annual limited probable cause hearing. Although section 394.920 states that a subsequent petition for discharge filed without Department approval "shall be denied unless the petition contains facts upon which a court could find that the person's condition has so changed that a probable cause hearing is warranted," it does not describe the procedure the circuit court is to follow the first time such a petition is filed. However, this issue is presently not before us and we therefore do not address it at this time.
California's Violent Predator's Act, which is similar to the Florida Act in many respects, permits a committed person to petition "the court for conditional release and subsequent unconditional discharge without the recommendation or concurrence of the Director of Mental Health." Cal. Welf. & Inst.Code § 6608(a) (West 2003). This provision is analogous to section 394.920 of Florida's Act. Section *580 6605(b) of the California Act also requires the following:
The director shall provide the committed person with an annual written notice of his or her right to petition the court for conditional release under Section 6608. The notice shall contain a waiver of rights. The director shall forward the notice and waiver form to the court with the annual report. If the person does not affirmatively waive his or her right to petition the court for conditional release, the court shall set a show cause hearing to determine whether facts exist that warrant a hearing on whether the person's condition has so changed that he or she would not be a danger to the health and safety of others if discharged. The committed person shall have the right to be present and to have an attorney represent him or her at the show cause hearing.
Section 394.918 of the Florida Act contains similar provisions but with important distinctions. Under the Florida Act, the committed person does not have the right to be present at the limited probable cause hearing, and the Florida Act, unlike the California Act, does not permit the circuit court to dispense with the limited probable cause hearing if the committed person affirmatively waives his right to petition the court for release.
As noted above, the Florida Act contains no exceptions to the requirement that the circuit court conduct a limited probable cause hearing in every instance, and this court cannot judicially create any exceptions. Furthermore, under the California Act, a committed person does not affirmatively waive his right to petition for conditional release when he is given the choice of petitioning for conditional release or waiving that right and he fails to select either option. See People v. Cheek, 25 Cal.4th 894, 108 Cal.Rptr.2d 181, 24 P.3d 1204, 1206 (2001). In the present case, Mr. Allen was presented with a waiver of his right to petition for release and he refused to sign the waiver.
Immediate relief is not appropriate in this case. See Jackson v. State, 802 So.2d 1213, 1215-16 (Fla. 2d DCA 2002) (holding that the failure of the circuit court to comply with section 394.918, including the failure of the circuit court to hold the limited probable cause hearing described in section 394.918(3), does not entitle a committed person to immediate release because "the alleged violations of the Act's notice, examination, and review procedures are not the cause of [the committed person's] detention"). Accordingly, we deny the petition for writ of habeas corpus. However, we grant the petition for writ of mandamus and direct the circuit court to hold a limited probable cause hearing pursuant to section 394.918(3), with counsel representing Mr. Allen as mandated, unless Mr. Allen has been afforded such a hearing within the last calendar year.
Petition for writ of habeas corpus denied; petition for writ of mandamus granted with directions.
NORTHCUTT and SILBERMAN, JJ., concur.
NOTES
[1] Pursuant to section 394.918(1), a committed person "shall have an examination of his or her mental condition" at least once every year. Because Mr. Allen did not sign the waiver form, we do not address whether the examination requirement may be waived by the committed person.
[2] If, pursuant to section 394.919(1), a committed person files a petition for release with the authorization of the Department, the trial court is required to set the case for trial without first conducting a probable cause hearing.