888 So.2d 702 (2004)
Mitchell WESTERHEIDE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2429.
District Court of Appeal of Florida, Fifth District.
November 19, 2004.
*703 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard L. Polin, Miami and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
In this case arising under "The Jimmy Ryce Act,"[1] Mitchell Westerheide appeals the trial court's order which denied his request for a trial on the issue of his entitlement to release from the custody of the Department of Children and Family Services (DCF). We affirm.
Florida's Jimmy Ryce Act creates the structure and the procedural requirements for the commitment, detention, and release of those persons found to be sexually violent predators. The Act sets forth a procedure for commitment and includes provisions for the annual examination of committed persons and judicial review of their status. Pertinent to this appeal, section 394.918 of the Florida Statutes provides as follows:
394.918. Examinations; notice; court hearings for release of committed persons; burden of proof
(1) A person committed under this part shall have an examination of his or her mental condition once every year or more frequently at the court's discretion. The person may retain or, if the person is indigent and so requests, the court may appoint, a qualified professional to examine the person. Such a professional shall have access to all records concerning the person. The results of the examination shall be provided to the court that committed the person under this part. Upon receipt of the report, the court shall conduct a review of the person's status.
(2) The department shall provide the person with annual written notice of the person's right to petition the court for release over the objection of the director of the facility where the person is housed. The notice must contain a waiver of rights. The director of the facility shall forward the notice and waiver form to the court.
(3) The court shall hold a limited hearing to determine whether there is probable cause to believe that the person's *704 condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged. The person has the right to be represented by counsel at the probable cause hearing, but the person is not entitled to be present. If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue.
(4) At the trial before the court, the person is entitled to be present and is entitled to the benefit of all constitutional protections afforded the person at the initial trial, except for the right to a jury. The state attorney shall represent the state and has the right to have the person examined by professionals chosen by the state. At the hearing, the state bears the burden of proving, by clear and convincing evidence, that the person's mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence.
§ 394.918, Fla. Stat. (2002)(emphasis added).
In 1995, Westerheide was convicted and sentenced for committing the crimes of lewd assault on a child, aggravated assault, and use of a child in a sexual performance. In 1999, Westerheide was adjudicated to be a sexually violent predator and committed to the custody of DCF to be kept in a secure facility for control, care, and treatment until such time as his mental abnormality or personality disorder had so changed that it would be safe for him to be at large. Westerheide has been confined at the Florida Civil Commitment Center in the custody of DCF since that time.
Westerheide has received annual reports on his progress. After receiving his report for 2003, which indicated that his continued commitment was necessary, Westerheide requested a probable cause hearing, claiming that his condition had so changed that he was entitled to receive a trial on whether he should remain in the civil commitment facility.
A limited probable cause hearing was held on the matter. The State called two expert witnesses who provided testimony indicating that Westerheide met the standard for continued civil commitment. Westerheide then presented the testimony of two expert witnesses, Mr. Ben Taylor, an independent licensed mental health counselor, and Dr. Dean Cauley, who possesses a doctorate in counseling. Taylor stated that he believed Westerheide had improved to a point where he could participate in an outpatient program. Dr. Cauley testified that he believed Westerheide did not have trouble controlling his behavior. He further testified that Westerheide was at stage three of a four stage treatment program but that DCF did not have a stage four of the program currently in existence because the Florida legislature had not yet funded same. In response to questioning from the court, Dr. Cauley stated that some things about Westerheide would never change and that in 20 years Westerheide would still have an antisocial personality disorder and be diagnosed as a sexual sadist. He agreed with Taylor that Westerheide's treatment did not need to be administered in a secure facility.
At the conclusion of the hearing, the trial court issued an order finding that Westerheide had failed to sustain his burden of demonstrating that probable cause existed to believe that his condition had so changed that it was now safe for him to be released from secure treatment and that he would not engage in further acts of sexual violence if discharged. In reaching the conclusion, the trial court reasoned *705 that since a jury had determined that Westerheide is a sexually violent predator by the standard of proof of "clear and convincing evidence," the burden rests on Westerheide at the post-commitment stage to demonstrate probable cause for his release, and that only after that burden is met, would the burden shift to the State at a trial on the merits.
Westerheide argues that in denying his request for a trial on the merits of his claim for release, the trial court applied the wrong burden of proof. Specifically, he maintains that the trial court erred by placing the burden of proof on him during the probable cause hearing. We disagree.
Although the Jimmy Ryce Act is silent as to which party bears the burden of proof at the probable cause hearing, the Florida legislature has determined that proceedings under the statute are to be conducted under the Florida Rules of Civil Procedure. See § 394.9155(1), Fla. Stat. (2002); Westerheide v. State, 831 So.2d 93 (Fla.2002). Therefore, since the statute is silent, the question regarding the allocation of the burden of proof in this instance should be analyzed using the civil standard.
In In re Ziy's Estate, 223 So.2d 42 (Fla.1969)(quoting Alabama Great So. R. Co. v. Hill, 34 Ala.App. 466, 43 So.2d 136, 137 (1949)), our supreme court explained the burden of proof in a civil case as follows:
The term "burden of proof" has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a prima facie case. Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails.
Id. at 43.
Since Westerheide initiated this action in response to DCF's report calling for continued commitment, it logically follows that Westerheide has the burden to establish that his condition has so changed that it is safe for him to be at large and that he will not engage in acts of sexual violence if discharged. Stated another way, where, as in this case, the annual report concludes that continued commitment is necessary, the burden is properly on the committed person to prove that it is no longer necessary that his commitment be continued. In contrast, if the State were seeking to keep Westerheide civilly committed after it received an annual report which indicated that his continued commitment was not necessary, we would agree that the burden would be upon the State to prove the need for continued commitment. See Tavares v. State, 871 So.2d 974 (Fla. 5th DCA 2004)(holding that an insanity acquittee was subject to involuntary commitment based exclusively on evidence presented at an underlying criminal trial, and thus, the acquittee bore the burden of showing that the conditions that led to his acquittal had changed, and that he was either no longer mentally ill or that he was no longer a danger to himself or others).
Westerheide argues that the Florida statute conflicts with Foucha v. Louisiana, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). We disagree. In Foucha, it was undisputed that the defendant was no *706 longer mentally ill under the State of Louisiana's not-guilty-by-reason-of-insanity statute, yet the State sought to continue to confine him on the basis of his antisocial personality. The Court held that "the State must establish insanity and dangerousness by clear and convincing evidence in order to confine an insane convict beyond his criminal sentence, when the basis for his original confinement no longer exists." Id. at 86, 112 S.Ct. 1780. The Court also held that, the defendant "[could] no longer be held as an insanity acquitee in a mental hospital, [and was] entitled to constitutionally adequate procedures to establish the grounds for his confinement." Id. at 80, 112 S.Ct. 1780. Thus, Foucha requires that if the State wants the continued commitment of a defendant despite the fact that he is no longer considered mentally ill, it has to proceed through a civil commitment hearing and establish the defendant's insanity and dangerousness by clear and convincing evidence. Foucha clearly places the burden on the State to establish, by clear and convincing evidence, a defendant's insanity and dangerousness when the basis for his original confinement no longer exists; however, Foucha does not prohibit the procedure used in Florida of placing the burden on a defendant to present probable cause that his condition has changed such that he is no longer in need of confinement when the State has already proven by clear and convincing evidence that the defendant is a dangerous sexually violent predator and defendant's annual evaluation recommends continued confinement.
Given the structure of the Jimmy Ryce Act, which calls for a limited probable cause hearing followed by a full trial if probable cause is shown, a trial court's determination whether a petitioner has met the burden of proving his entitlement to receive a trial must be based upon an analysis of the sufficiency of the evidence presented, rather than by weighing the evidence presented by both parties at the probable cause hearing. The petitioner's representative should be allowed to present evidence by testimony or affidavit, and the court should then determine if, assuming that the evidence is true, it would be sufficient to meet the petitioner's burden of proof. If so, a full trial should be held. If not, no such trial is necessary. We reach this conclusion because the petitioner is not allowed to be present at the probable cause hearing and therefore, allowing the decision to be made based upon the weighing of conflicting evidence presented in an evidentiary hearing would create significant due process problems.[2]
Applying that standard to the facts in this case, the trial court's conclusion that Westerheide failed to sustain his burden of proof is affirmed. Looking only at the witnesses who testified on behalf of Westerheide, taking their testimony as true, Westerheide failed to meet his burden of proof, since neither of his witnesses testified that Westerheide met the standard set forth in the statute for release, that being, that it was safe for him to be at large and that he would not engage in any acts of sexual violence if discharged.
AFFIRMED.
GRIFFIN, J., and JOHNSON, T., Associate Judge, concur.
NOTES
[1] Florida's Involuntary Civil Commitment of Sexually Violent Predators Act, Chapter 394, Florida Statutes.
[2] See § 394.918(3), Fla. Stat. (2002).