927 So.2d 1070 (2006)
In re: COMMITMENT OF Stephen ALLEN.
Stephen Allen, Appellant,
v.
State of Florida, Appellee.
No. 2D04-5139.
District Court of Appeal of Florida, Second District.
May 12, 2006.
*1071 James Marion Moorman, Public Defender, and Jeanine Cohen, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
*1072 WHATLEY, Judge.
Stephen Allen appeals an order of the circuit court entered pursuant to the "Jimmy Ryce Act,"[1] finding that there was no probable cause to believe that his condition had so changed that it was now safe for him to be released. Because Allen bore the burden of proof to establish probable cause and he presented no evidence to do so, we affirm.
On February 27, 2002, Allen was committed to the custody of the Department of Children and Family Services after a jury found him to be a sexually violent predator under section 394.917, Florida Statutes (1999). Section 394.918 establishes the following procedure for persons committed under this chapter:
(1) A person committed under this part shall have an examination of his or her mental condition once every year or more frequently at the court's discretion. The person may retain or, if the person is indigent and so requests, the court may appoint, a qualified professional to examine the person. Such a professional shall have access to all records concerning the person. The results of the examination shall be provided to the court that committed the person under this part. Upon receipt of the report, the court shall conduct a review of the person's status.
(2) The department shall provide the person with annual written notice of the person's right to petition the court for release over the objection of the director of the facility where the person is housed. The notice must contain a waiver of rights. The director of the facility shall forward the notice and waiver form to the court.
(3) The court shall hold a limited hearing to determine whether there is probable cause to believe that the person's condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged. The person has the right to be represented by counsel at the probable cause hearing, but the person is not entitled to be present. If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue.
(4) At the trial before the court, the person is entitled to be present and is entitled to the benefit of all constitutional protections afforded the person at the initial trial, except for the right to a jury. The state attorney shall represent the state and has the right to have the person examined by professionals chosen by the state. At the hearing, the state bears the burden of proving, by clear and convincing evidence, that the person's mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence.
Pursuant to section 394.918(3), Allen was entitled to an annual probable cause hearing to determine if his condition had changed. However, in March 2003, the circuit court determined that it was unnecessary to set a probable cause hearing, because Allen failed to participate in the evaluation process and treatment program. In Allen v. State, 873 So.2d 576, 579 (Fla. 2d DCA 2004), this court granted Allen's petition for a writ of mandamus, holding that the circuit court was required to hold a limited probable cause hearing pursuant to section 394.918(3), at which Allen was entitled to be represented by counsel even though he was not entitled to be present at the hearing.
*1073 On July 20, 2004, the circuit court held a probable cause hearing and determined that there was no probable cause to believe that Allen's condition had so changed that it was safe for him to be at large and that Allen would not engage in acts of sexual violence if discharged. The circuit court based its determination on a report from the executive director, Rick Harry, and the clinical director, Dr. Michael Lipscomb, of the Florida Civil Commitment Center, which report concluded that Allen's mental condition had not changed so that it would be safe to release him into the community. The report noted that Allen refused to participate in an evaluation process and refused to participate in the treatment program. Allen did not present any independent proof that his condition had changed or that it was safe for him to be at large. On appeal, Allen contends that the report, which was signed by the two representatives of the Florida Civil Commitment Center but not sworn to under oath, provided insufficient evidence to make a probable cause determination. The State argues that Allen had the burden to prove that there was probable cause to believe that his condition had changed.
We have found only one case addressing the burden of proof required at the probable cause hearing under section 394.918. In Westerheide v. State, 888 So.2d 702, 705 (Fla. 5th DCA 2004), the Fifth District noted that the Florida Legislature directed that civil commitment proceedings under this chapter are to be conducted according to the Florida Rules of Civil Procedure unless otherwise specified.[2]See § 394.9155(1). The court reasoned that, because the burden of proof should be analyzed using rules of civil procedure, "the party asserting the affirmative of the issue" would bear the burden of proof. Westerheide, 888 So.2d at 705 (quoting In re Ziy's Estate, 223 So.2d 42, 43 (Fla. 1969)). The Fifth District concluded that "where, as in this case, the annual report concludes that continued commitment is necessary, the burden is properly on the committed person to prove that it is no longer necessary that his commitment be continued." Westerheide, 888 So.2d at 705.
We agree with the reasoning of the Fifth District and conclude that Allen had the burden of proof to establish that there was probable cause to believe that his condition had changed pursuant to the criteria in section 394.918. The language in section 394.918 differentiating the proceedings required under that section supports this conclusion.
Section 394.918(3) provides that when a circuit court determines that there is probable cause to believe that a person's condition has changed, the court shall set a trial to address the issue. Section 394.918(4) specifically provides that at that trial, "the state bears the burden of proving, by clear and convincing evidence, that the person's mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence." (Emphasis added.) The omission of the emphasized language from section 394.918(3) suggests that the legislature did not intend that the State have the burden of proof at the limited probable cause hearing. See L.K. v. Dep't of Juvenile Justice, 917 So.2d 919, 921 (Fla. 1st DCA 2005) ("It is a general canon of statutory construction that, when the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally.").
*1074 At the circuit court hearing, Allen presented no evidence suggesting that there was probable cause to believe that his condition had so changed that it was safe for him to be released and that he would not engage in acts of sexual violence if released. Therefore, Allen failed to meet his burden of proof and the circuit court correctly found that there was no probable cause to believe that Allen's condition had changed.
We also agree with the Fifth District in Westerheide, 888 So.2d at 706, that to establish probable cause, the petitioner's attorney should be allowed to present evidence by testimony or affidavit.[3] In determining whether a petitioner has met the burden of proof to establish probable cause, the court should base its decision "upon an analysis of the sufficiency of the evidence presented, rather than by weighing the evidence presented by both parties at the probable cause hearing." Westerheide, 888 So.2d at 706. As noted in Westerheide, "allowing the decision to be made based upon the weighing of conflicting evidence presented in an evidentiary hearing would create significant due process problems." Id. In other words, if the committed person presents evidence supporting release at a limited probable cause hearing, the trial court considers only that evidence to determine probable cause; it does not weigh the evidence against any letter from the Florida Civil Commitment Center or other evidence presented by the State.
In summary, the circuit court must determine whether the petitioner's evidence is sufficient to meet his or her burden of proof. If the petitioner establishes probable cause to believe that his condition has changed, then a full trial should be held pursuant to section 394.918(4). If the petitioner's evidence is insufficient to establish probable cause, then no trial is necessary.[4]
The probable cause hearing in this case was held before the issuance of the opinion in Westerheide. As a result, there was significant confusion over who bore the burden of proof and what evidence the trial court should consider. Because we conclude that Allen bore the burden of proof and failed to present any evidence, we affirm the trial court's order. However, we do so without prejudice to providing Allen an opportunity to present evidence supporting his release in a new limited probable cause hearing.[5]
Affirmed.
DAVIS and SILBERMAN, JJ., Concur.
NOTES
[1] §§ 394.910-.931, Fla. Stat. (1999).
[2] As later noted, section 394.918(4) identifies proceedings in which the State has the burden of proof.
[3] Section 394.9155(5), Florida Statutes (1999), provides that "[h]earsay evidence, including reports of a member of the multidisciplinary team or reports produced on behalf of the multidisciplinary team, is admissible in proceedings under this part unless the court finds that such evidence is not reliable. In a trial, however, hearsay evidence may not be used as the sole basis for committing a person under this part."
[4] In Allen, 873 So.2d at 579, we noted that section 394.918(3) provides that the committed individual is entitled to counsel at the limited probable cause hearing. It is not clear from the statute or case law precisely when counsel should be appointed during the procedure leading up to the probable cause hearing. While it would seem unnecessary to appoint counsel until there is some indication that the committed individual intends to challenge his continued commitment during the annual process, the appointment of counsel may be required soon thereafter to assist in gathering any evidence necessary in anticipation of the limited probable cause hearing.
[5] The order we review involved Allen's 2004 annual review. Our record does not reflect whether a 2005 or 2006 review was conducted. If an annual review is expected within the next few months, Allen may present such evidence at the next annual review. If Allen's annual review for 2006 has taken place or is not expected for more than a few months, an earlier hearing may be called for if Allen is prepared to present evidence on this issue.