ALTENBERND, Judge.
William Camper, who is the subject of an involuntary civil commitment as a sexually violent predator,[1] appeals an order continuing his involuntary commitment based upon a finding that there is no probable cause to believe that his condition has so changed that it is safe for him to be at large and that he will not engage in acts of sexual violence if discharged. See § 394.918, Fla. Stat. (2004). The finding was made during a limited probable cause hearing that addressed the involuntary commitment of Mr. Camper and four other similarly situated detainees: Timothy Stanley, Allen Riddick, Steven Allen, and Raymond Branch. None of the detainees presented-any evidence.
As we did in Mr. Allen’s case, Allen v. State, 927 So.2d 1070 (Fla. 2d DCA 2006), we affirm the order on appeal. Mr. Camper bore the burden of proof to establish the probable cause necessary to merit a trial regarding his continued commitment.[2] Our affirmance is without prejudice to Mr. Camper’s seeking to present evidence supporting his release in a new limited probable cause hearing during his next annual review or sooner if such evidence is available. Allen, 927 So.2d at 1074 n. 5.
Affirmed.
STRINGER and VILLANTI, JJ„ ' . Concur.

. See §§ 394.910-.931, Fla. Stat (2004) (commonly referred to as the "Jimmy Ryce Act").

. At the limited probable cause hearing, counsel for Mr. Camper initially asserted that Mr. Camper has been diagnosed with paranoid schizophrenia, that Mr. Camper was not receiving adequate treatment of this condition, and that therefore he could not receive meaningful treatment as a sexually violent predator to secure his future release. Counsel later withdrew this claim and proceeded solely on the issue of whether or not probable cause was established under section 394.918. In future proceedings, nothing in this opinion should foreclose Mr. Camper from pursuing this issue.