KAHN, J.
 

 Donald Stephens challenges an order of commitment rendered pursuant to the Sexually Violent Predator Act, also known as the Jimmy Ryce Act (Act). Stephens contends the State did not adduce legally sufficient evidence to support his recom-mitment. We reverse.
 

 A jury declared appellant a sexually violent predator under the Jimmy Ryce Act. § 394.912(10), Fla. Stat. (2009). On March 31, 2006, the trial court entered an order of involuntary commitment, which we affirmed. In August of 2006, Stephens consented to participate in sex offender treatment at the Florida Civil Commitment Center (FCCC). Appellant filed a petition for annual review of his mental condition pursuant to section 394.918(1), Florida Statutes. Following a limited hearing, the trial court found probable cause to warrant Stephens’ release. The court set the case for trial in accordance with section 394.918(3), Florida Statutes.
 

 Without objection, appellant’s case proceeded without a jury. The State’s only witness was Dr. Robin Wilson, the clinical director of FCCC, who testified by telephone. Dr. Wilson had not worked with Stephens, and, in preparation for the hearing, had reviewed Stephens’ treatment file. According to the chart, Stephens was involved in the first of a four-phase treatment program. Dr. Wilson said the initial phase helped patients conceptualize and acknowledge the existence of a psychosocial problem. The following phases, Wilson stated, would include more intensive psychosocial treatment. Wilson ultimately agreed with the conclusions of appellant’s treating physicians that Stephens had not yet addressed his sex-offending behaviors and should continue treatment at FCCC. On cross-examination, however, Dr. Wilson conceded that he had administered no as
 
 *710
 
 sessment to determine whether Stephens would pose a risk to the community if released. Also, Dr. Wilson did not “know Mr. Stephens well enough to know whether or not he’s still having deviant fantasies .... ” The State presented no other evidence, nor did it seek to admit the medical record as a hearsay exception.
 

 Proceedings under the Sexually Violent Predator Act are subject to the Florida Rules of Civil Procedure.
 
 See
 
 § 394.9155(1), Fla. Stat. (providing that “[i]n all civil commitment proceedings for sexually violent predators under this part, ... [t]he Florida Rules of Civil Procedure apply unless otherwise specified”). Accordingly, under Florida Rule of Civil Procedure 1.530(e), “the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court....” At a recommitment hearing under the Jimmy Ryce Act, “the state bears the burden of proving, by clear and convincing evidence, that the person’s mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence.” § 394.918(4), Fla. Stat. Having failed to offer proof that Stephens would be likely to commit an act of sexual violence if released from institutional care, the State cannot meet its burden of proof under the Act. Though we need not conclude that the State treated the hearing as a mere formality, we also cannot find sufficient competent evidence upon which to base appellant’s recommitment.
 

 REVERSED.
 

 LEWIS and WETHERELL, JJ., concur.