CLARK, J.
Frank Mitchell appeals the circuit court’s denial, after non-jury trial, of his petition for release from civil commitment pursuant to section 394.918, Florida Statutes. Finding no error in the trial court’s determination of weight and credibility of the conflicting expert opinions presented by the parties, we affirm.
Upon a jury verdict that “Frank Mitchell is a sexually violent predator,” rendered October 6, 2005, the 2nd Judicial Circuit Court in Leon County adjudicated Appellant a “sexually violent predator” and committed him to secure institutional care under section 394.917, Florida Statutes. This order was affirmed without opinion on direct appeal. Mitchell v. State, 939 So.2d 1064 (Fla. 1st DCA 2006).
Appellant filed his petition for release from the custody of the Department of Children and Families, pursuant to section 394.918, Florida Statutes. After finding probable cause under section 394.918(3), Florida Statutes, the trial court ordered a non-jury trial on the petition. The trial took place on July 7-8, 2011.
The parties presented several witnesses during the two-day trial, including the State’s expert, Dr. Prichard, and Appellant’s expert, Dr. Shadle. The trial judge noted in his order that “I am presented with the testimony of two very knowledgeable and articulate experts in the area who have reached completely different conclusions on the central issue before me.” The central issue before the trial court, pursuant to section 394.918(4), Florida Statutes, was whether the State had shown by clear and convincing evidence that Appellant’s mental condition remained such that “it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence.”
Unlike Stephens v. State, 43 So.3d 709 (Fla. 1st DCA 2010), this is not a case of the State’s failure to present adequate evidence to meet its burden of proof under section 394.918(4), Florida Statutes. Here, the State presented the clear and convincing evidence of Dr. Prichard’s testimony, and Appellant countered with the testimony of his expert, Dr. Shadle. Both experts thoroughly explained their evaluations of Appellant’s condition, treatment progress, and their reasoning in reaching their conclusions about Appellant’s future behavior and risk to society. The trial judge acknowledged, and the record supports, that the evidence presented required the trier of fact to determine “which expert’s evaluation is more persuasive.” The trial court found Dr. Prichard’s evaluation more persuasive, explained its reasoning for doing so, and denied the petition for release.
While not completely analogous, the trial court’s decision here is similar to the de *696 termination of whether a defendant is competent to stand trial or to proceed in post-conviction litigation because in most cases, the court must rely on expert testimony regarding the person’s mental condition. In competency hearings, as stated in McCray v. State, 71 So.3d 848, 862 (Fla.2011), “[i]t is the duty of the trial court to determine what weight should be given to conflicting testimony .... when the experts’ reports or testimony conflict regarding competency to proceed, it is the trial court’s responsibility to consider all the relevant evidence and resolve such factual disputes.” (internal citations omitted). The trial court’s determination of the weight and credibility of competing expert opinions in chapter 394 proceedings will not be overturned unless clearly erroneous. See In re Drummond, 69 So.3d 1054 (Fla. 2d DCA 2011) (trier of fact’s findings of credibility and competence of witnesses in Baker Act proceedings rejected only if clearly erroneous). Having fully examined the trial transcript in this case, we find no error in the trial court’s denial of the petition for release based on the evidence presented at trial.
AFFIRMED.
VAN NORTWICK and RAY, JJ„ concur.