[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15819
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01021-JA-KRS

GUSTAV KAKUK,

                                                          Petitioner-Appellant,

versus

DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, STATE OF FLORIDA,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 17, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Gustav Kakuk, a Florida inmate imprisoned under an involuntary civil commitment order authorized by the Jimmy Ryce Act, Fla. Stat. § 394.917(2),[1] appeals the district court's denial of his *pro se* federal habeas petition under 28 U.S.C. § 2254.  The district court dismissed Kakuk's petition as untimely because he was required to file his federal petition within one year of his initial commitment becoming final, pursuant to 28 U.S.C. § 2244(d).[2]  Alternatively, the district court found that even if timely, Kakuk's petition lacked merit.

We subsequently granted a certificate of appealability on the following question:

> In light of the requirement imposed by Fla. Stat. § 394.918 that a court examine the "mental condition" of a person committed under the Jimmy Ryce Act at least once every year, was Mr. Kakuk's habeas petition properly dismissed as untimely?

---

[1] Under Florida's Jimmy Ryce Act, upon petition from the state attorney, a judge is entitled to find probable cause that a person is a "sexually violent predator" and order that the person remain in custody, even beyond the expiration of his criminal prison sentence.  Fla. Stat. § 394.915(1).  Within 30 days of a probable cause determination, the defendant is entitled to a jury trial to determine if he is a "sexually violent predator."  *Id*. § 394.916.  If the jury finds that the defendant is a "sexually violent predator," then the defendant is committed to the custody of the Department of Children and Family Services upon the expiration of his prison sentence.  *Id*. § 394.917(2).

[2] 28 U.S.C. § 2244(d) establishes a one-year statute of limitations period for petitions filed under § 2254.   As pertinent to this appeal, the limitations period begins to run from the later of (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, § 2244(d)(1)(A), or (2) the date on which the factual predicate of the claims presented could have been discovered through due diligence, § 2244(d)(1)(D).

2

We review *de novo* the district court's determination that a petition for federal habeas corpus relief was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Moore v. Crosby*, 321 F.3d 1377, 1379 (11th Cir. 2003).  We have noted that *pro se* pleadings should be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Florida law provides that the mental condition of a person committed under the Jimmy Ryce Act "shall" be examined at least every year so that the court may conduct a review of the person's status.  *Id*. § 394.918(1).  The court then "shall" hold a hearing to determine whether there is probable cause to believe that the person's condition has changed so that he will not engage in acts of sexual violence if released.  *Id*. § 394.918(3).  If the court finds probable cause, the court "shall" hold a trial on the issue, at which the state has the burden of proving that it is not safe for the defendant to be released.  *Id*. § 394.918(3)-(4).  If the court does not find probable cause, it issues an order which may be appealed.  *See Fuery v. State*, 968 So.2d 77 (Fla. Dist. Ct. App. 4th Dist. 2007) (reviewing, on direct appeal, a trial court's order that there was not probable cause to release a prisoner from his civil commitment under the Jimmy Ryce Act).

Now with the benefit of counsel, Kakuk urges that, construing his petition liberally, his federal habeas petition was actually challenging the procedural adequacy of his most recent probable cause determination, not the constitutionality

3

of his initial confinement.  Contending that this most recent probable cause determination constitutes a new order which is final and appealable for the purposes of AEDPA, Kakuk argues that his current petition would be timely. However, giving the petition the liberal reading to which it is entitled, we conclude that he did not intend to challenge any specific probable cause determination, but rather intended to challenge his confinement under the Jimmy Ryce Act more generally.  *See Tannenbaum*, 148 F.3d at 1263.  Although his petition does make mention of the the probable cause review process, that discussion is limited to pointing to certain provisions in the Jimmy Ryce Act as evidence that the Act itself violates his rights, rather than claiming that a particular determination was constitutionally deficient.  As further evidence that his challenge is to his initial confinement, not to the procedural adequacies of a particular probable cause determination, the relief Kakuk seeks is release from civil confinement, not a probable cause hearing with proper due process protections.  Because it is clear that Kakuk sought to challenge his initial confinement under the act, which was initially affirmed in 2005, his petition is untimely.  However, this does not preclude any future challenge to future annual probable cause determinations.

Under these circumstances, the district court properly found that Kakuk's commitment determination became final on February 26, 2006—90 days after the Supreme Court of Florida denied Kakuk's direct appeal—rendering his federal

4

habeas petition challenging his original confinement filed on July 5, 2010,

untimely.  The district court also properly found that, to the extent Kakuk sought to

challenge the general adequacy of the annual review provisions, as opposed to any

specific determination, the petition was also untimely under § 2244(d)(1)(D).

**AFFIRMED.**