# Third District Court of Appeal

## State of Florida

Opinion filed April 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-587
Lower Tribunal No. 98-42792
_____

## Alex Barron,
Appellant,

vs.

## The State of Florida,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Victoria R. Brennan, Judge.

Carlos J. Martinez, Public Defender, and Stephen Weinbaum, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

In 2005, Alex Barron was civilly committed following a jury trial upon a petition for involuntary civil commitment of sexually violent predators, pursuant to sections 394.910-.930, Florida Statutes (2015).[1]

In 2015, Barron filed a petition for release from civil commitment, which required the trial court to follow the threshold procedures established in section 394.918(3), Florida Statutes (2015):

> The court shall hold a limited hearing to determine whether there is probable cause to believe that the person's condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged. The person has the right to be represented by counsel at the probable cause hearing and the right to be present. Both the petitioner and the respondent may present evidence that the court may weigh and consider. If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue.

At the limited hearing, Barron and the State each presented differing evaluation reports from two psychologists who evaluated Barron. The evaluation presented by Barron concluded that, in the doctor's opinion, there is probable cause to believe Mr. Barron's condition has so changed that it is now safe for him to be at large in the community. The evaluation presented by the State concluded that, in the doctor's opinion, Barron's condition has not so changed that it is safe for him to be at large in the community, and that he remains likely to engage in acts of sexual violence if returned to society.[2]

---

[1] This law is commonly referred to as the Jimmy Ryce Act.

The trial court reviewed the two evaluations, heard argument of counsel, and concluded that Barron had not established probable cause to believe his condition has so changed that it is safe for him to be at large and that he will not engage in acts of sexual violence if discharged. The court therefore denied the petition, including Barron's request that the matter be set for trial on Barron's petition for release.[3]

We affirm the trial court's ruling. In doing so, we acknowledge that our holding is based in large part upon the recent amendment to section 394.918(3). Prior to 2014, that subsection provided:

---

[2] Barron's psychologist met with Barron in person before preparing the evaluation report, and had also performed an evaluation of him in 2012. The State's psychologist did not meet with Barron, but reviewed Barron's psychologist's evaluation report as well as other relevant records provided by the State Attorney's Office, the records related to his initial commitment, and the records generated by the Florida Civil Commitment Center during the period of Barron's civil commitment.

[3] Under section 394.918(3), if a trial court finds probable cause, it shall set the petition for a full determination at a nonjury trial pursuant to section 394.918(4), which provides:

> At the trial before the court, the person is entitled to be present and is entitled to the benefit of all constitutional protections afforded the person at the initial trial, except for the right to a jury. The state attorney shall represent the state and has the right to have the person examined by professionals chosen by the state. At the hearing, the state bears the burden of proving, by clear and convincing evidence, that the person's mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence.

The court shall hold a limited hearing to determine whether there is probable cause to believe that the person's condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged. The person has the right to be represented by counsel at the probable cause hearing, but the person is not entitled to be present. If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue.

Case law construing this prior version of the statute held that the trial court's obligation was simply to determine the legal sufficiency of the evidence presented by the petitioner, and that a weighing of the evidence was inappropriate:

[A] trial court's determination whether a petitioner has met the burden of proving his entitlement to receive a trial must be based upon an analysis of the sufficiency of the evidence presented, rather than by weighing the evidence presented by both parties at the probable cause hearing. The petitioner's representative should be allowed to present evidence by testimony or affidavit, and the court should then determine if, assuming that the evidence is true, it would be sufficient to meet the petitioner's burden of proof. If so, a full trial should be held. If not, no such trial is necessary. We reach this conclusion because the petitioner is not allowed to be present at the probable cause hearing and therefore, allowing the decision to be made based upon the weighing of conflicting evidence presented in an evidentiary hearing would create significant due process problems.

Westerheide v. State, 888 So. 2d 702, 706 (Fla. 5th DCA 2004) (emphasis added).

See also Spivey v. State, 100 So. 3d 1254, 1256 (Fla. 5th DCA 2012)(observing: "A judge's review of the evidence in a section 394.918(3) limited probable cause hearing is similar to an evaluation conducted in response to a motion for directed verdict: the court must determine the sufficiency of the evidence presented, without weighing it and making credibility determinations"); In re Commitment of

4

Allen, 927 So. 2d 1070, 1074 (Fla. 2d DCA 2006) (observing that "if the committed person presents evidence supporting release at a limited probable cause hearing, the trial court considers only that evidence to determine probable cause; it does not weigh the evidence against any letter from the Florida Civil Commitment Center or other evidence presented by the State"); Fuery v. State, 968 So. 2d 77 (Fla. 4th DCA 2007).

In 2014, the Florida Legislature amended section 394.918(3). See Laws of Florida 2014, chapter 2014-2, § 6. The amended version provides that the petitioner has the right to be present at the probable cause hearing, and further provides that both the petitioner and the State may present evidence for the court to consider:

> The court shall hold a limited hearing to determine whether there is probable cause to believe that the person's condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged. The person has the right to be represented by counsel at the probable cause hearing and the right ~~but the person is not entitled~~ to be present. Both the petitioner and the respondent may present evidence that the court may weigh and consider. If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue.

(Added language underlined; deleted language indicated by ~~strikethrough~~.)

We must give this amended statutory language its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the

5

legislature.  See Green v. State, 604 So. 2d 471 (Fla. 1992).[4]  Applying this fundamental rule of statutory construction, we hold that the trial court was authorized under the statute to "weigh and consider" the State's competing evaluation in assessing whether Barron met his burden of establishing probable cause.  It would appear that the 2014 amendment to section 394.918(3) supersedes those corresponding portions of Westerheide and its progeny.[5]  We affirm, without further discussion, the remaining points raised on appeal.

Affirmed.

_____

[4] In addition, the legislature is presumed to have been aware of the judicial construction of the existing statute when it enacted the 2014 amendments to section 394.918(3).  Jones v. ETS of New Orleans, Inc., 793 So. 2d 912 (Fla. 2001).  By amending the statute to provide the defendant with the right to be present at the probable cause hearing, the State with the right to present evidence at that hearing, and the trial court with the authority to weigh and consider the evidence presented by both parties, the Florida Legislature expressed a clear intent to alter the judicial construction of the statute as set forth in Westerheide.

[5] Barron did not raise below, or here on appeal, any constitutional challenge to the 2014 amendment to section 394.918(3).