981 So.2d 1233 (2008)
James C. WHITE, Petitioner,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES and the State of Florida, Respondents.
No. 1D07-5517.
District Court of Appeal of Florida, First District.
May 15, 2008.
*1234 James C. White, pro se, Petitioner.
John Copeland, General Counsel, and Gregory D. Venz, Assistant General Counsel, for Respondent Florida Department of Children and Families; Bill McCollum, Attorney General, for Respondent State of Florida.
PER CURIAM.
James C. White, who by order of the Bay County Circuit Court was civilly committed to the custody of the Department of Children and Families under the Jimmy Ryce Act,[1] petitions for mandamus relief to compel the Department and the committing court to perform their respective duties under section 394.918, Florida Statutes (2007). In pertinent part, that statute provides as follows:
(1) A person committed under this part shall have an examination of his or her mental condition once every year or more frequently at the court's discretion. The person may retain or, if the person is indigent and so requests, the court may appoint, a qualified professional *1235 to examine the person. Such a professional shall have access to all records concerning the person. The results of the examination shall be provided to the court that committed the person under this part. Upon receipt of the report, the court shall conduct a review of the person's status.
(2) The department shall provide the person with annual written notice of the person's right to petition the court for release over the objection of the director of the facility where the person is housed. The notice must contain a waiver of rights. The director of the facility shall forward the notice and waiver form to the court.
(3) The court shall hold a limited hearing to determine whether there is probable cause to believe that the person's condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged. The person has the right to be represented by counsel at the probable cause hearing, but the person is not entitled to be present. If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue.
Specifically, White seeks an order compelling the Department to examine him pursuant to the duty imposed by subsection (1), and to provide him written notice of his right to petition the committing court for release in accordance with subsection (2), and compelling the committing court to conduct the limited probable cause hearing called for by subsection (3).
Initially, we note that although the statute clearly imposes separate duties on the Department and the committing court, it is apparent from the statutory scheme that the committing court cannot discharge its duty to perform a limited probable cause hearing until the Department has fulfilled its duty to conduct an annual examination of the detainee's mental condition and furnished its report to the committing court. See Allen v. State, 873 So.2d 576 (Fla. 2d DCA 2004) (after review of the examination report and performing the ministerial function of determining that the court file contains the annual written notice of rights, the committing court is required to hold the limited probable cause hearing). We conclude that where it is alleged that the review process has not timely commenced because the Department or other examiner has not conducted the required annual examination and furnished the committing court its report, such a claim is properly addressed by motion filed with the committing court, which is in a superior position to determine whether the requirement for an annual examination and report has been discharged, and if not, to order compliance.[2] To the extent Jackson v. State, 802 So.2d 1213 (Fla. 2d DCA 2002), holds that a petition for writ of mandamus in the appellate court is the proper remedy in that instance, we certify conflict with Jackson on this point. Nonetheless, we are satisfied by the Department's response in this case that it has discharged its obligations under subsections 394.918(1) and (2), having furnished its most recent annual report and a copy of its notice to White of his right to petition for release to the committing court in late August 2007. Accordingly, we deny White's claim against the Department on that basis.
On the other hand, where the requirements of subsections 394.918(1) and (2) have been satisfied but the committing *1236 court has neglected its duty to conduct the limited probable cause hearing called for by subsection (3), that is a matter properly raised by petition for writ of mandamus filed in the appellate court having jurisdiction over the committing court. In petitioner's case, we are unable to conclude from the materials before us that the committing court has discharged its duty to conduct a limited probable cause hearing following the filing of the Department's most recent report concerning petitioner's mental condition.[3] Accordingly, we grant the petition to the extent of directing the committing court to promptly conduct the limited probable cause hearing called for by section 394.918(3), if it has not already done so.
PETITION FOR WRIT OF MANDAMUS DENIED IN PART AND GRANTED IN PART, WITH DIRECTIONS.
BROWNING, C.J., VAN NORTWICK and LEWIS, JJ., concur.
NOTES
[1] §§ 394.910-394.931, Fla. Stat. (2007) (commonly referred to as the "Jimmy Ryce Act").
[2] Of course, the committing court's failure to timely consider and dispose of such a motion is remediable by petition for writ of mandamus filed in the appropriate appellate court.
[3] White named as respondents in this proceeding both the Department and the State, and his petition reflects that a copy thereof was served on the Office of the Attorney General. Similarly, our order and supplemental order to show cause were served on the Attorney General, as well as the Department's general counsel. However, for reasons unknown, the Attorney General has failed to favor us with a response addressing petitioner's claim that the committing court has not conducted the required limited probable cause hearing. The Department's response suggests that the committing court may have already done so, but does not conclusively establish that to be the case.