NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| CARLOS RUIZ, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D16-1390 |
| | ) | |
| DEPARTMENT OF CHILDREN AND | ) | |
| FAMILIES, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed December 30, 2016.

Appeal from the Circuit Court for
DeSoto County; Kimberly Bonner,
Judge.

Carlos Ruiz, Appellant, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Michael W. Mervine,
Assistant Attorney General, Miami,
for Appellee.


SILBERMAN, Judge.

Carlos Ruiz, who is in the custody of the Department of Children and

Families pursuant to the Jimmy Ryce Act,[1] initiated this case by filing a petition for writ

of habeas corpus in the circuit court.  Ruiz unsuccessfully asserted that he is entitled to

---

[1]§§ 394.910-.930, Florida Statutes (2012).

immediate release because the Department has not been conducting annual mental health examinations as required by section 394.918(1), Florida Statutes (2012). We converted Ruiz's appeal to a petition for writ of mandamus and ordered the Department to show cause why this court should not issue a writ directing it to comply with section 394.918(1). The Department filed copies of treatment progress reports from 2013-2015 which it asserted comply with section 394.918(1). Because Ruiz's reply does not provide any information contradicting this assertion, we deny the petition for writ of mandamus. See White v. Fla. Dep't of Children & Families, 981 So. 2d 1233, 1235 (Fla. 1st DCA 2008).

Petition denied.

CRENSHAW and SALARIO, JJ., Concur.