McCORD, Judge.
This is an appeal from a nonfinal order entered by the trial court upon remand following our opinion in St. Joe Paper Company v. Adkinson, 400 So.2d 983 (Fla. 1st DCA 1981). The nonfinal order does not qualify for review under Florida Rule of Appellate Procedure 9.130. We treat it as a petition for common law writ of certiorari.
The order entered by the trial court on remand finds that as a result of the appraisal testimony excluded by this Court’s mandate, there is insufficient evidence upon which to render a competent decision as to the assessed value of the properties in question. The trial court further finds that justice will best be served by allowing both plaintiff and defendants to present additional evidence on the assessed value of the property in question, and it authorizes the parties to submit such additional evidence. The excluded testimony referred to in the trial court’s order was the appraisal testimony of the two expert witnesses of appel-lee property appraiser and part of the testimony of one expert witness of appellant. The excluded testimony related only to the gulf-front property and had no relation to the agricultural land values.
Upon reversal and remand with general directions for further proceedings, the trial judge has broad discretion in handling or directing the course of the cause thereafter. Lucom v. Potter, 131 So.2d 724 (Fla.1961); The City of Pensacola v. Capital Realty Holding Co., Inc. (Fla. 1st DCA 1982), Case No. AF-45, opinion filed March 29, 1982. Insofar as- the trial court’s order reopens the proceedings below for further evidence as to the value of the gulf-front property, we find no departure from the essential requirements of law. While the trial court may not intend to allow additional testimony as to property values other than of the gulf-front property, it appears that such additional evidence could be presented under the broad terms of the order. If allowed, such would be a departure from the essential requirements of law. Prior to the final judgment which was the subject matter of the previous appeal, each party had, of course, closed its case, and our opinion did not require deletion of any of the evidence other than that relating to value of the gulf-front property. Thus, the order is excessively broad in its terms and must be limited only to the gulf-front property.
Certiorari is granted, and the order appealed from is quashed.
ROBERT P. SMITH, Jr., C. J., and BOOTH, J., concur.