853 So.2d 609 (2003)
William J. CONDREN, Appellant,
v.
Lowry J. BELL, Jr. and Diana Bell, Appellees.
No. 4D02-3533.
District Court of Appeal of Florida, Fourth District.
September 17, 2003.
Donna M. Greenspan of Edwards & Angell, LLP, West Palm Beach, for appellant.
Jack S. Cox of Jack Schramm Cox, P.A., Palm Beach Gardens, for appellee.
PER CURIAM.

ON MOTION FOR CLARIFICATION
We grant the appellee's motion for clarification. The opinion issued on July 30, 2003, is hereby withdrawn and the following opinion is substituted in its place.
This is an appeal from a judgment for attorney's fees and costs entered after a final judgment that enforced a settlement agreement. The appellant raises three issues. We find no error and affirm.
The parties entered into a settlement agreement following a dispute over improvements to an easement running between their respective properties. The trial court entered an order and final judgment enforcing the settlement agreement. This court affirmed. Condren v. Bell, 814 So.2d 1056 (Fla. 4th DCA 2002).
The appellees moved for attorney's fees and costs in the trial court. After an evidentiary hearing, the trial court entered a final judgment of attorney's fees and costs, making specific findings on all relevant factors. The court further found that *610 "because the award of attorney's fees and costs is a sanction" it should include those attorney's fees incurred in determining the amount of fees to be awarded. The court further awarded fees for the appellee's expert witness.
Throughout the judgment, the trial court reiterated its intent to sanction the appellant for his conduct. We find no error in the court's findings concerning the amount of time expended and the reasonable hourly rate. We further find that because the fees awarded for litigating the issue of fees was a sanction and supported by substantial competent evidence, the award does not run afoul of State Farm Fire & Cas.Co. v. Palma, 629 So.2d 830 (Fla.1993), or this court's decisions in Dawn to Dusk, Inc. v. Hillsboro-Lyons Investors, Ltd., 801 So.2d 283 (Fla. 4th DCA 2001), or Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505 (Fla. 4th DCA 2000). See also Citibank Fed. Sav. Bank v. Sandel, 766 So.2d 302, (Fla. 4th DCA 2000) (Farmer, J., concurring).
TAYLOR, HAZOURI and MAY, JJ., concur.