934 So.2d 615 (2006)
Barbara YAKAVONIS, Appellant,
v.
DOLPHIN PETROLEUM, INC., a Florida corporation, Himes Associates, Ltd. Corporation, a Florida corporation, Gil Hyatt, Inc., a Florida corporation, and Gil Hyatt, Inc. d/b/a Gil Hyatt Construction, a Florida corporation, Appellees.
No. 4D05-3653.
District Court of Appeal of Florida, Fourth District.
July 26, 2006.
James W. Shuttleworth, III, and Joel S. Finkelstein of Finkelstein & Partners, *617 LLP, Newburgh, NY, and Arthur C. Neiwirth of Rothstein Rosenfeldt Adler, Fort Lauderdale, for appellant.
Dana J. McElroy and John R. Hargrove of Gordon Hargrove & James, P.A., Fort Lauderdale, for appellee Gil Hyatt, Inc., a Florida corporation, and Gil Hyatt, Inc. d/b/a Gil Hyatt Construction, a Florida corporation.
*616 HAZOURI, J.
This is an appeal from a final judgment awarding attorney's fees to defendant/appellee, Gil Hyatt, Inc. d/b/a Gil Hyatt Construction ("Hyatt"), pursuant to section 57.105(1), Florida Statutes (2003).
On October 15, 2001, appellant, Barbara Yakavonis, filed a complaint for negligence against Dolphin Petroleum, Inc., for injuries she received on January 25, 2001, when she fell on the sidewalk at Dolphin's newly constructed convenience store allegedly due to the lack of striping or painting differentiating the parking lot pavement from the sidewalk. In its answer, Dolphin asserted a Fabre v. Marin, 623 So.2d 1182 (Fla.1993), defense, alleging that its contractor and its architect, without naming them, may be at fault for Yakavonis's injuries. A year later, Dolphin's counsel provided Yakavonis's counsel with the names of these entities but did not amend Dolphin's answer to name them as Fabre defendants. Yakavonis was granted leave to amend her complaint and added Hyatt, who was the general contractor, and the architect as defendants in her negligence claim.
On January 4, 2003, shortly after being served with the amended complaint, Mr. Hyatt wrote Yakavonis's counsel, Joel Finkelstein, and filed with the court a letter in which he stated that the sidewalk was constructed as per the plans approved by the building department and that a certificate of occupancy was issued by the city evidencing its approval that the work met the requirements of all applicable codes.
Upon Yakavonis's application for a default judgment against Hyatt for its failure to answer the amended complaint, Hyatt hired counsel in December 2003 and, by agreement of the parties, filed its answer on December 19, 2003. The litigation proceeded and on August 13, 2004, Hyatt filed its motion for summary judgment requesting judgment as a matter of law. Mr. Hyatt submitted an affidavit averring that Hyatt did not deviate from the plans provided, there was no direction or instruction to paint or stripe the curb, and the City of Fort Pierce issued certificates of occupancy.
Two weeks later, Yakavonis's expert, Dr. Ronald Zollo, who was hired by her attorney in March 2001 before suit was filed, was deposed at the request of the defendants, including Hyatt. Dr. Zollo testified that he had no evidence that would provide a basis for opining that Hyatt was negligent in any way.
Pursuant to section 57.105(4), Florida Statutes, Hyatt served its motion for fees upon Yakavonis on September 1, 2004. On November 16, 2004, the trial court held a hearing on Hyatt's motion for summary judgment at which Yakavonis's counsel, Finkelstein, stated that the reason he did not dismiss Hyatt from the case was that Dolphin refused to drop Hyatt as a Fabre defendant. However, he did not now oppose Hyatt's motion for summary judgment. The day before, at mediation, Dolphin had finally said it would not include Hyatt as a Fabre defendant. Finkelstein specifically stated to the court that "[f]rom the very beginning, we're like we don't see where there would be any liability on them, but since the defendant who hired them and knows them well brought them *618 in, we felt compelled to bring them in as a direct defendant, which we did." That same day the trial court entered summary judgment in favor of Hyatt and retained jurisdiction to determine entitlement to and the amount of attorney's fees.
Immediately after the hearing, Hyatt filed its motion for attorney's fees pursuant to section 57.105, which it had previously served on Yakavonis, asserting that she and her counsel knew or should have known that her claim against Hyatt was without any merit, especially in light of her own expert's opinion and Finkelstein's admission that from the beginning he did not see any liability. Yakavonis responded to Hyatt's motion arguing that her claim was brought in good faith based upon Dolphin pointing the finger at Hyatt. She admitted that once it became evident that Hyatt did not belong in the suit, she conceded it.
Based upon the pleadings and argument, the trial court granted Hyatt's motion for entitlement to fees on December 15, 2004. On April 19, 2005, a hearing was held to determine the amount of attorney's fees to be awarded to Hyatt. The trial court entered a final judgment awarding the amount requested by Hyatt less certain hours spent by a paralegal and a law clerk. The fees awarded covered work done by Hyatt's attorneys from when they initially entered the case until January 10, 2005. Hyatt was also awarded an expert witness fee. As required by section 57.105, the trial court enunciated the basis for the award by finding that Yakavonis's counsel knew or should have known that her claim against Hyatt, when initially presented, was not supported by the material facts necessary to establish the claim.
Yakavonis argues that the trial court abused its discretion in determining that she knew or should have known that her claim against Hyatt, when presented to the court, was unsupported by the then existing material facts.
In determining whether to award attorney's fees under section 57.105, Florida Statutes (2001), the trial court applies an abuse of discretion standard. Grob v. Bieluch, 912 So.2d 666, 667 (Fla. 4th DCA 2005). "The trial court's finding must be based upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial court record." Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1141 (Fla. 4th DCA 2001). "When reviewing this issue, this court must look to see if the trial court abused its discretion in finding no justiciable issues of fact or law." Fisher v. John Carter & Assocs., Inc. 864 So.2d 493, 497 (Fla. 4th DCA 2004), disapproved on other grounds, Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006).
Section 57.105, Florida Statutes, provides, in pertinent part:
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
In Wendy's of N.E. Florida, Inc. v. Vandergriff, 865 So.2d 520 (Fla. 1st DCA 2003), the court discussed section 57.105, which was amended in 1999:

*619 [T]his statute was amended in 1999 as part of the 1999 Tort Reform Act in an effort to reduce frivolous litigation and thereby to decrease the cost imposed on the civil justice system by broadening the remedies that were previously available. Unlike its predecessor, the 1999 version of the statute no longer requires a party to show a complete absence of a justiciable issue of fact or law, but instead allows recovery of fees for any claims or defenses that are unsupported. However, this Court cautioned that section 57.105 must be applied carefully to ensure that it serves the purpose for which it was intended, which was to deter frivolous pleadings.
In determining whether a party is entitled to statutory attorney's fees under section 57.105, Florida Statutes, frivolousness is determined when the claim or defense was initially filed; if the claim or defense is not initially frivolous, the court must then determine whether the claim or defense became frivolous after the suit was filed. In so doing, the court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law.
Id. at 523 (citations omitted). Wendy's continues by quoting from Visoly v. Security Pacific Credit Corp., 768 So.2d 482 (Fla. 3d DCA 2000):
We recognize that to some extent, the definition of "frivolous" is incapable of precise determination. Nevertheless, a review of Florida case law reveals that there are established guidelines for determining when an action is frivolous. These include where a case is found: (a) to be completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (b) to be contradicted by overwhelming evidence; (c) as having been undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (c) [sic] as asserting material factual statements that are false.
Id. at 491 (footnotes omitted). Finally, Wendy's concludes (quoting Mullins v. Kennelly, 847 So.2d 1151, 1155 n. 4 (Fla. 5th DCA 2003)):
While the revised statute incorporates the "not supported by the material facts or would not be supported by application of then-existing law to those material facts" standard instead of the "frivolous" standard of the earlier statute, an all encompassing definition of the new standard defies us. It is clear that the bar for the imposition of sanctions has been lowered, but just how far it has been lowered is an open question requiring a case by case analysis....
Wendy's, 865 So.2d at 524.
At the time suit was filed against Hyatt, Yakavonis's claim against Hyatt was not supported by the material facts necessary to establish the claim. Finkelstein admits that at the time he filed the claim against Hyatt, he did not think there was a claim. The record also indicates that long before Yakavonis filed suit against Dolphin, she had retained her expert who was not specifically consulted concerning Hyatt's possible liability. This is evidence of a lack of investigation by Yakavonis's counsel into the sidewalk's construction and his own expert's opinion. Although Yakavonis argues that she was reasonable in adding Hyatt to the suit because of Dolphin's assertion that Hyatt was a Fabre defendant, that claim does not relieve Yakavonis from doing her own investigation to determine if Hyatt has any liability. Although Dolphin is free to claim there is a Fabre defendant, Dolphin must bear the burden of naming that defendant and proving its claim before that Fabre *620 defendant can be included on the jury verdict form. See § 768.81(3)(d) and (e), Fla. Stat. (2003). Therefore, Yakavonis cannot avoid responsibility for attorney's fees simply because Dolphin claimed Hyatt was liable.
Yakavonis argues that even if Hyatt is entitled to attorney's fees, she is only liable for those fees incurred after the expiration of the twenty-one day notice period given by Hyatt pursuant to section 57.105(4). The statute gives Yakavonis a twenty-one day window within which to withdraw her claim against Hyatt and avoid any attorney's fees. However, once that time expires there is nothing in the statute which requires the time for computation of attorney's fees to begin only then. The trial court is free to measure the attorney's fees from the time it was known or should have been known that the claim had no basis in fact or law.
We conclude that the trial court did not abuse its discretion and there was substantial competent evidence to support the trial court's decision.
Although we affirm the trial court's decision to impose attorney's fees from the beginning of Hyatt's involvement in this litigation, we remand for the trial court to calculate the fees from that date until December 15, 2004, the date when it was determined that Hyatt was entitled to attorney's fees, not January 10, 2005, as the trial court ordered. Attorney's fees are only available for time spent litigating the issue of entitlement, not for the time spent litigating the amount of fees to be awarded. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 833 (Fla.1993).
Affirmed in Part, Reversed in Part.
GUNTHER and MAY, JJ., concur.