On Motion for Rehearing or Motion for Written Opinion, Alternatively Motion for Rehearing En Banc

ROTHENBERG, Judge.
The appellants, Paul E. Bates, d/b/a Coconut Cove Resort, and Coconut Cove Resort and Marina, Inc., appeal two orders entered by the trial court in favor of the appellee, Islamorada, Village of Islands (“Village”). The two orders being appealed are an order granting the Village’s request for sanctions and an order granting attorney’s fees and costs to the Village. Oral argument was heard on October 11, 2005, after which this court issued its opinion affirming both orders per curiam. The appellants have requested rehearing or a written opinion, or in the alternative, re *172 hearing en banc. These requests are based solely upon this court’s affirmance of that portion of attorney’s fees awarded to the Village for the time it spent litigating the amount of fees. While we deny the appellants’ motions for rehearing and rehearing en banc, and decline to issue an opinion addressing all of the issues raised on appeal, we issue this brief opinion to clarify this court’s ruling regarding the attorney’s fees awarded the Village for time it spent litigating the amount of fees, as this is the area of the appellants’ concern.
The appellants argue that fees may not be awarded for pursuing the amount of attorney’s fees the trial court awards, citing to several cases which have held that it is improper to do so. See Lugassy v. Indep. Fire Ins. Co., 636 So.2d 1332, 1336 (Fla.1994); State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 833 (Fla.1993); Wight v. Wight, 880 So.2d 692, 695 (Fla. 2d DCA 2004); Paladyne Corp. v. Weindruch, 867 So.2d 630, 634 (Fla. 5th DCA 2004); Barron Chase Sec., Inc. v. Moser, 794 So.2d 649, 650 (Fla. 2d DCA 2001); Oruga Corp., Inc. v. AT & T Wireless of Fla., Inc., 712 So.2d 1141, 1145 (Fla. 3d DCA 1998); Eisman v. Ross, 664 So.2d 1128, 1129 (Fla. 3d DCA 1995).
A review of these cases, however, reveals that the fees awards relied upon statutes which did not provide for fees incurred litigating the amount to be awarded. The fees awarded in the instant case differ in that they were not statutorily based, and were instead, awarded as sanctions levied against the appellants for failing to comply with the trial court’s orders. This court, therefore, finds statutorily based fees awards inapplicable and distinguishable from the fees awarded in the instant case, and relies, as did the trial court, on Condren v. Bell, 853 So.2d 609 (Fla. 4th DCA 2003), which holds that “because the fees awarded for litigating the issue of fees was a sanction and supported by substantial competent evidence, the award does not run afoul of State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993)....” Condren, 853 So.2d at 610. We, therefore, find no conflict with the cited cases and deny rehearing.
Motion for rehearing, denied; motion for written opinion, granted in part.