STEVENSON, J.
Merle Wood, one of several defendants in a suit filed by Meyel Haack, Jr., challenges an order awarding him 57.105(1) attorney’s fees, arguing that the trial court erred in limiting the fees to those incurred from the date of service of the third amended complaint, the pleading that was pending at the time the 57.105 motion for fees was served and filed. Haack has cross-appealed, arguing that the trial court erroneously included in the attorney’s fee award time incurred in litigating the amount of fees to be awarded. We find that both parties’ arguments have merit and reverse the order appealed.
In October of 2003, Haack filed suit against Merle Wood & Associates, Inc. (MWA), Merle Wood, and Clifford Allenby. The complaint contained a single count for assault and battery. It alleged that Wood was the president of MWA; that Wood became involved in a business dispute with Haack that “resulted in specific threats of physical violence being made by Defendant, Merle Wood, to Plaintiff’; that Wood instructed employees Brad Wood and Al-lenby to intentionally strike the plaintiff; and that, on February 25, 2002, Brad Wood and Allenby carried out those instructions, intentionally striking the plaintiff and causing serious bodily injury. By March of 2006, Haack had filed a third amended complaint. Count I asserted a claim for battery against Allenby. Count II asserted an assault claim against Merle Wood, alleging Wood “by his word, appearance and actions offered corporeal injury to Plaintiff,” placing plaintiff in fear of immediate harm. Count III sought to hold MWA vicariously liable for Allenby’s striking of Haack. Counts IV and V asserted negligent hiring and retention claims against MWA.
Wood filed a motion for summary judgment on the assault claim, asserting Haack’s own deposition testimony established that Wood had not threatened or assaulted Haack. Then, on January 30, 2007, Wood served a motion for sanctions pursuant to section 57.105, Florida Statutes, asserting that, from the time of the filing of the original complaint, Haack knew he could not state a claim against Wood as evidenced by Haack’s 2002 deposition, wherein Haack stated under oath that Wood had never put his hands on him, did not threaten him with physical harm, and did not yell at, or use abusive language with, Haack. More than a month later, Haack voluntarily dismissed the assault claim. The trial court ultimately awarded 57.105 fees to Wood, but limited the award to those fees incurred from the date of service of the third amended complaint, explaining that it was “of the view ... that since the first demand under 57.105(4) was directed to the third amended complaint then that is the trigger date *1084 for fees.” The trial court included in the award fees incurred litigating the amount of fees to be awarded, reasoning that the fees were awarded as a sanction.
The trial court’s limitation of the fee award to those incurred from the date of service of the third amended complaint was in error. The motion for 57.105 fees plainly asserted that the suit had been without merit since its inception. Further, section 57.105(l)(a) provides that fees are to be awarded “on any claim ... at any time ... in which the court finds that the losing party ... knew or should have known that a claim ... when initially presented to the court or at any time before trial ... [w]as not supported by the material facts necessary to establish the claim.” Consistent with this language, in Yakavonis v. Dolphin Petroleum, Inc., 934 So.2d 615 (Fla. 4th DCA 2006), this court held that it is not the bringing of the motion for 57.105 fees that starts the clock running for recoverable fees. Rather, once the twenty-one day safe harbor expires, “[t]he trial court is free to measure the attorney’s fees from the time it was known or should have been known that the claim had no basis in fact or law.” Id. at 620. Here, the record demonstrates that that time pre-dates the filing of the initial complaint.
As for the cross-appeal, in State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 833 (Fla.1993), our supreme court held that a section 627.428 fee award did not permit the award of those fees incurred for litigating the amount of fees to be awarded as “[s]uch work inures solely to the attorney’s benefit and cannot be considered services rendered in procuring full payment of the judgment.” Here, the fees were clearly awarded pursuant to section 57.105, and Palma and its rationale applies to 57.105 fee awards as well. See Yakavonis, 934 So.2d at 620; Eisman v. Ross, 664 So.2d 1128 (Fla. 3d DCA 1995).
Accordingly, the trial court’s 57.105 attorney’s fee award is reversed and the matter is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

WARNER and GERBER, JJ., concur.