ON MOTION FOR REHEARING

GROSS, J.
We grant appellant’s motion for rehearing, withdraw our opinion that issued on March 21, 2012, and issue the following opinion.
*1049 We reverse a final judgment (1) awarding attorney’s fees as a sanction under a Florida Rule of Civil Procedure for failure to comply with the procedural requirement of specificity and (2) awarding fees for litigating the amount of the fee, as opposed to just the entitlement to it.
Brenda Cox appeals an attorney’s fee award assessed under Florida Rule of Civil Procedure 1.730(c), which provides:
(c) Imposition of Sanctions. In the event of any breach or failure to perform under the [mediation] agreement, the court upon motion may impose sanctions, including costs, attorneys’ fees, or other appropriate remedies including entry of judgment on the agreement.
Johnson v. Bezner, 910 So.2d 398, 401 (Fla. 4th DCA 2005), held that an award of fees pursuant to rule 1.730(c) must contain detailed factual findings describing the specific acts of conduct that justify the imposition of sanctions. In effect, this holding adopted the procedural requirements for a final judgment awarding fees under the inequitable conduct doctrine, which “permits the award of attorney’s fees where one party has exhibited egregious conduct or acted in bad faith.” Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998). The procedures a trial court must follow in exercising its power to impose attorney’s fees against a party under the inequitable conduct doctrine “are the same as those prescribed by the supreme court” in Moakley v. Smallwood, 826 So.2d 221 (Fla.2002), which involved the imposition of attorney’s fees against a party’s attorney. See N. Cnty. Co., Inc. v. Bologna, 816 So.2d 842, 844 (Fla. 4th DCA 2002); T/F Sys., Inc. v. Malt, 814 So.2d 511, 513 (Fla. 4th DCA 2002).
Moakley requires “an express finding of bad faith conduct ... supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys’ fees.” 826 So.2d at 227. Moakley’s requirement of specificity ensures that the power to sanction is not exercised lightly. Judges must identify the conduct that justifies a sanction. This allows for appellate review of the sanction and the development of a body of law describing the conduct that gave rise to the sanction. In this way, rule 1.730(c) sanctions are applied responsibly and “diligently both ‘to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.’ ” Roadway Exp., Inc. v. Piper, 447 U.S. 752, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (quoting Nat’l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (discussing sanctions under Federal Rule of Civil Procedure 37(b))).
To comply with the procedural requirements that Johnson v. Beznar imposes for an attorney’s fee award under rule 1.730(c), the trial court should have made specific factual findings detailing Cox’s breach or failure to perform under the mediation agreement and identified those attorney’s fees and costs that Great American incurred as a result of such conduct. See Moakley, 826 So.2d at 227. Rather than make the findings with the “high degree of specificity” that Moakley requires, the final judgment summarily grants Great American’s motion for attorney’s fees.
The trial court erred in assessing attorney’s fees incurred in litigating the amount of the fee award. To reach this conclusion we have to reconcile Condren v. Bell, 853 So.2d 609 (Fla. 4th DCA 2003) with Wood v. Haack, 54 So.3d 1082 (Fla. 4th DCA 2011) and Yakavonis v. Dolphin Petroleum, Inc., 934 So.2d 615 (Fla. 4th *1050 DCA 2006). Wood and Yakavonis held that attorney's fees incurred for seeking fees could not be recovered when the basis for fees was section 57.105, Florida Statutes (2010). Wood, 54 So.3d at 1084; Yakavonis, 934 So.2d at 620. In Condren, we approved an award of attorney’s fees for litigating the amount of fees, reasoning that because fees were awarded as a sanction, “the award [did] not run afoul of State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993).” 853 So.2d at 610. Condren does not identify any statutory or rule basis for the sanction; the award arose from a final judgment enforcing a settlement agreement. 853 So.2d at 609. We conclude that the basis for the sanction was the inherent authority of the court, “the inequitable conduct doctrine,” which “permits the award of attorney’s fees where one party has exhibited egregious conduct or acted in bad faith.” T/F Sys., 814 So.2d at 513 (quoting Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998)).
Rule 1.730(c), the basis for fees in this case, is closer to section 57.105 than it is to the inequitable conduct doctrine. While judgments for fees under the rule, the statute, and the doctrine could all be classified as sanctions, the law in this district is that when it comes to awarding fees for fees, not all sanctions are created equal. Rule 1.730(c) appears to allow for sanctions after relatively mild transgressions— a breach or failure to perform under a mediation agreement. Section 57.105 fees were awarded in Wood where the lawsuit was without merit from its inception. 54 So.3d at 1083-84. Fees could be justified under rule 1.730(c) for conduct that does not come close to triggering entitlement under the inequitable conduct doctrine. If an award of attorney’s fees for seeking attorney’s fees is not appropriate under 57.105, Wood and Yakavonis compel the conclusion that fees for fees are not available for the pursuit of sanctions under rule 1.730(c).
We briefly address Cox’s other arguments. The trial court did not err in assessing attorney’s fees for work done on a prior appeal, based on previous orders of this court. The release executed by Great American, as part of the mediated settlement agreement that Cox refused to hon- or, did not bar Great American’s entitlement to sanctions under rule 1.730(c).

Affirmed in part, reversed in part, and remanded.

CIKLIN and LEVINE, JJ., concur.