PER CURIAM.
Anthony Williams appeals an order finding no probable cause to release him from his involuntary civil commitment as a sexually violent offender pursuant to sections 394.910-.932, Florida Statutes (2010). Finding that he met his burden of proof at the limited probable cause hearing held pursuant to section 394.918(3), we reverse the trial court’s order and remand for trial held pursuant to section 394.918(4).
Probable cause is a question of law subject to de novo review. Pagan v. State, 830 So.2d 792, 806 (Fla.2002). In determining whether a petitioner has met the burden of proof to establish probable cause, the court should base its decision “upon an analysis of the sufficiency of the evidence presented, rather than by weighing the evidence presented by both parties .... ” Westerheide v. State, 888 So.2d 702, 706 (Fla. 5th DCA 2004). In other words, if the committed person presents evidence supporting release at a limited probable cause hearing, the trial court considers only that evidence to determine probable cause; it does not weigh the evidence against any information from the Florida Civil Commitment Center or other evidence presented by the State. In re Commitment of Allen, 927 So.2d 1070, 1074 (Fla. 2d DCA 2006).
Having considered this matter de novo, we reverse the order finding no probable cause and remand for a trial under section 394.918(4).
REVERSED and REMANDED.
ORFINGER, C.J., PALMER and JACOBUS, JJ., concur.