GRIFFIN, J.
Richard Spivey [“Spivey”] appeals an order finding no probable cause to release him from his involuntary civil commitment under the Jimmy Ryce Act. We conclude that Spivey met his burden of proof at the section 394.918(3) limited probable cause hearing and reverse.
In 2006, Spivey was civilly committed under the Involuntary Civil Commitment of Sexually Violent Predators Act, formerly known as the Jimmy Ryce Act [“the Act”], sections 394.910-.932, Florida Statutes. The court found Spivey to be a sexually violent predator.
The Act requires annual mental examinations and annual review hearings for persons committed under it. Specifically, section 394.918(1)-(3), Florida Statutes (2010), provides:
394.918. Examinations; notice; court hearings for release of committed persons; burden of proof.
(1) A person committed under this part shall have an examination of his or her mental condition once every year or more frequently at the court’s discretion. The person may retain or, if the person is indigent and so requests, the court may appoint, a qualified professional to examine the person. Such a professional shall have access to all records concerning the person. The results of the examination shall be provided to the court that committed the person under this part. Upon receipt of the report, the court shall conduct a review of the person’s status.
(2) The department shall provide the person with annual written notice of the person’s right to petition the court for *1256 release over the objection of the director of the facility where the person is housed. The notice must contain a waiver of rights. The director of the facility shall forward the notice and waiver form to the court.
(3) The court shall hold a limited hearing to determine whether there is probable cause to believe that the person’s condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged. The person has the right to be represented by counsel at the probable cause hearing, but the person is not entitled to be present. If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue.
(emphasis added). Pursuant to section 394.918, the State gave Spivey notice in March 2011 that his annual review was due. Attached to the notice was a report by Dr. Carrole DePass, a psychologist with the state treatment center, who recommended that Spivey continue treatment at the Florida Civil Commitment Center. Spivey filed with the court a report by psychologist Dr. Deborah Leporowski. Her report recommended Spivey be released.
On April 18, 2011, the court held Spi-vey’s 2011 annual limited probable cause review hearing. The court determined that no probable cause existed to believe that Spivey’s condition had so changed that it was safe for him to be at large and that he would not engage in acts of sexual violence if released. The court appeared to focus on the fact that Spivey was only in phase III of his treatment and that he had not entered phase IV. Toward the end of the hearing, the court commented:
Okay. Dr. Leporowski certainly testifies that you — you have made some significant progress in the program and that she — she feels that your condition has changed significantly.
Okay. But she also indicates that you have not completed the program, that you’re still in Phase III. And she spends a lot of time comparing you to other re-offenders in United States.
The trial court’s determination of the legal issue of probable cause is subject to a de novo standard of review. State v. Glatzmayer, 789 So.2d 297 (Fla.2001). A judge’s review of the evidence in a section 394.918(3) limited probable cause hearing is similar to an evaluation conducted in response to a motion for directed verdict: the court must determine the sufficiency of the evidence presented, without weighing it and making credibility determinations. See In re Commitment of Allen, 927 So.2d 1070, 1074 (Fla. 2d DCA 2006); Westerheide v. State, 888 So.2d 702, 706 (Fla. 5th DCA 2004). “[I]f the committed person presents evidence supporting release at a limited probable cause hearing, the trial court considers only that evidence to determine probable cause; it does not weigh the evidence against any ... evidence presented by the State.” See Allen, 927 So.2d at 1074.
Section 394.918(3), Florida Statutes (2010), contains no requirement that the committed person must complete the treatment program established by the Florida Civil Commitment Center. The statute sets forth the standard that must be met: that the person’s condition has so changed that he is safe to be at large that he will no longer engage in acts of sexual violence.
In this case, the evidence at the annual review hearing consisted of reports from Dr. DePass, who performed Spivey’s annual review, and Dr. Leporowski, an independent examiner. Dr. DePass’s 2011 *1257 report found that Spivey was progressing in his treatment. The report noted that Spivey had been a guest speaker at Phase I group and Alcoholics Anonymous group meetings. However, the report found that Spviey would benefit from further participation in the Development Skills Module, Relationship Skills Module, and Consolidation. It also found that Spivey would benefit from continuing his level of openness and honesty in his approach to the group process. The report recommended that Spviey continue treatment at the Florida Civil Commitment Center. Missing from the report was any conclusion that Spi-vey’s mental abnormality or personality disorder were such that it was likely that he would engage in repeated acts of sexual violence.
Dr. Leporowski’s report set forth the evaluations she conducted on Spivey during their interview. The report concluded that Spivey’s behavior had changed in positive ways, as a result of his participation in the treatment program. The report noted that Mr. Spivey passed two extensive polygraphs, which showed no reactions indicative of deception. Dr. Lepo-rowski noted that Spivey’s progress as documented in his last treatment progress report indicated that he “demonstrates a good understanding of his cognitive distortions, thinking errors, and pro-offending beliefs.” She noted further that Spivey had developed a Relapse Prevention Plan that was appropriate and thoughtful, and that he was aware of both internal and external risk factors. She noted that Spi-vey was in the C.A.R.E. Level 5, the highest in the FCCC behavioral incentive program. The report concluded that Spivey was unlikely to engage in acts of exhibi-tionistic behavior if discharged in the community. This report is adequate to establish probable cause and to entitle Spivey to a trial. See also Williams v. State, 92 So.3d 288 (Fla. 5th DCA 2012); Chukes v. State, 90 So.3d 950 (Fla. 5th DCA 2012).
REVERSED and REMANDED.
SAWAYA and PALMER, JJ., concur.