HARRIS, C.M., Senior Judge.
The issue in this case, as it was in Chukes v. State, 90 So.3d 950 (Fla. 5th DCA 2012), and Spivey v. State, 100 So.3d 1254 (Fla. 5th DCA 2012), is whether appellant, Frank Sherman, has presented sufficient probable cause to believe a trial is appropriate to determine whether it is safe to release him back into society. Appellant was committed under the Sexually Violent Predators Act and has petitioned for a hearing under Florida Statute 394.918 for such a trial. Section 394.918(3) provides for a “limited hearing” to determine whether probable cause exists to believe that the person’s condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged.
To meet his burden, appellant presented the reports of two mental health experts. One, Chris J. Carr, Ph.D., opined that there was no evidence of “ongoing sexually deviant thoughts or behavior” during the ten years of appellant’s involuntary commitment. Further, appellant showed no appreciable “ongoing antisocial behavior” during this period. Dr. Carr also indicated that based on the updated STATIC— 99, a sex-offender risk-assessment actuarial instrument, appellant would not qualify for civil commitment. Dr. Carr also stated that appellant’s failure to participate in a specific sex-offender treatment group would be offset by his lower static risks based on correspondence courses, his acquisition of a GED, Moral Recognition Therapy (“MRT”), religious studies, AA attendance, and achievement of the highest level of the behavioral incentive program. These facts, coupled with the fact of a self-reported prostate surgery, if confirmed by a medical expert, convinced Dr. Carr that “based on risk factors grounded in empirical research, [appellant] no longer meets the criteria as a sexually violent predator” and “is no longer likely to reoffend or to be a menace to society.”
Appellant’s other expert, Dean R. Cau-ley, Ph.D., explains in his report that the MRT completed by appellant taught him to recognize criminal thinking and to develop new, noncriminal coping and interacting skills. The program is designed to “enhance ego, social, moral and positive behavioral growth.” Dr. Cauley opined that not only had appellant’s condition changed, it had changed to the degree that he would no longer be a menace to society if released.
While these opinions, of course, disagree with the State’s witnesses, they are sufficient under both Chukes and Spivey to warrant a trial on the issue.
REVERSED.
PALMER and LAWSON, JJ., concur.