PER CURIAM.
This is the fifth appeal from an order awarding attorney’s fees as a sanction in civil litigation. In the fourth appeal, Cox v. Great American Insurance Company, 88 So.3d 1048 (Fla. 4th DCA 2012), this Court reversed the sanction order for failure to comply with procedural requirements. Id. at 1049. The order had failed to include specific factual findings detailing the sanctionable conduct of appellant as well as the attorney’s fees appellee incurred as a result of that conduct. Id. We also reversed the award of fees because it impermissibly included fees for time spent litigating fees. Id. at 1049-50. We remanded for further proceedings. Id. at 1050. A successor judge conducted the subsequent proceedings, made findings as to the sanctionable conduct and awarded fees. Appellant again appeals this order.
Appellant argues that the successor judge had no authority to take additional testimony to make the necessary findings of fact because this was precluded by the remand instruction in Cox. We disagree. There were no instructions in the opinion as to the remand. Id. When there is a remand with general directions for further proceedings, a trial judge is vested with broad discretion regarding proceedings on remand. St. Joe Paper Co. v. Adkinson, 413 So.2d 107 (Fla. 1st DCA 1982). The trial court did not abuse its discretion in the conduct of the proceedings on remand. Its order sufficiently complied with the opinion in Cox, and its findings were supported by competent substantial evidence.
In her second issue, appellant contends that the trial court erred in awarding all of the expert fees without deducting those that constitute “fees on fees,” as such fees were excluded by the opinion in Cox. She cites to nothing in the record (which is thousands of pages in length), such as the expert’s testimony or the expert’s bill, which would support her claim. As we noted in Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co., 105 So.3d 602 (Fla. 4th DCA 2013):
As the Florida Supreme Court has aptly observed, “when a decree of the trial court is brought ... on appeal the duty rests upon the appealing party to make error clearly appear.” Lynn v. City of Fort Lauderdale, 81 So.2d 511, 513 (Fla. 1955) (citing F E C News Co. v. Pearce, 58 So.2d 843 (Fla.1952)). To this end,
[a]n appellant does not discharge this duty by merely posing a question with an accompanying assertion that it was improperly answered in the court below and then dumping the matter into the lap of the appellate court for decision. Under such circumstances it must be held ... that [the appellate court is] under no duty to answer the question.

Id.

Id. at 610. Similarly, we decline to reverse on the expert’s fees, as appellant has failed to demonstrate error in the trial court’s ruling.
Finally, appellee contends on cross-appeal that appellant was not entitled to interest on funds due to appellant through the settlement agreement, but it was entitled to interest on the fees from the date of entitlement. The parties had settled the underlying litigation in 2007, with ap-pellee agreeing to pay appellant $10,000. When appellant refused to execute the releases, which ultimately ended in the sanction order, the trial court ordered that the release be executed but determined that *206 appellee did not have to pay the settlement sum until the fees due on the sanction order had been decided. Appellee thus continued to hold the settlement funds. We find no error in the trial court’s award of interest on the sum from the date the court determined that the conditions of the settlement had occurred. See Garcia v. Stewart, 961 So.2d 1025, 1027 (Fla. 4th DCA 2007); Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 214-15 (Fla. 1985). However, appellee was.also entitled to interest on the attorney’s fees award from that date entitlement was determined. See Quality Eng’d Installation, Inc. v. Higley S., Inc., 670 So.2d 929, 930-31 (Fla.1996) (holding that interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined). Therefore, on remand the trial, court should calculate the amount of interest from that date.
The judgment is affirmed but remanded to include interest on fees in accordance with this opinion.
WARNER, GERBER and CONNER, JJ., concur,