# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-943
LT Case No. 2021-MM-004009-A

_____

CHARLES EVERETT ANDERSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the County Court for Seminole County.
Debra Krause, Judge.

Matthew J. Metz, Public Defender, and Ryan M. Belanger, Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Roberts J. Bradford, Jr., Assistant Attorney General, Daytona Beach, for Appellee.

January 12, 2024

EDWARDS, C.J.

    While Appellant, Charles Everett Anderson, was in a department store, surveillance video captured him taking empty gift bags from his backpack and filling them with merchandise. As he was doing this, a store manager moved nearby and made eye contact with him. Appellant stopped what he was doing, left the

gift bags loaded with $450 of polo shirts in the store, and walked out.  He was arrested, charged, tried by a jury, and convicted of petit theft and trespass.[1]  His request for a jury instruction on the defense of abandonment was properly denied by the trial court. We affirm.

Appellant was charged with violating section 812.014, Florida Statutes (2021), which states:

> (1)    A person commits theft if he or she knowingly obtains or uses, **or endeavors to obtain or to use**, the property of another with intent to, either temporarily or permanently:
>
>> (a)    Deprive the other person of a right to the property or a benefit from the property.
>
>> (b)    Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

§ 812.014, Fla. Stat. (emphasis added).  Because "endeavor[ing] to" is included in the definition of theft, "[t]he substantive, completed crime is fully proved when an attempt, along with the requisite intent, is established."  *State v. Sykes*, 434 So. 2d 325, 327 (Fla. 1983).  Thus, the fact that Appellant did not take the shirts past a register or out the door is of no moment unless he established the defense of abandonment.

Florida recognizes the affirmative defense of abandonment which originated in the common law and was later supplemented by section 777.04(5), Florida Statutes (2021).  *See Carroll v. State*, 680 So. 2d 1065, 1066 (Fla. 3d DCA 1996).  As the Third District observed:

---

[1] The jury heard testimony and received a redacted document proving that Appellant had been trespassed or barred from this store in the past, but the jury was not told why he had been trespassed before.  Appellant does not challenge his conviction for trespass.

> The law distinguishes between a "voluntary abandonment" and an "involuntary abandonment." According to Professor LaFave, "The cases are in agreement that what is usually referred to as an involuntary abandonment is no defense." 2 Wayne R. LaFave and Austin W. Scott, Jr., *Substantive Criminal Law* § 6.3(b), at 53-54 (1986).

*Id.*

"In order to constitute a defense, the abandonment must be complete and voluntary." *Id.* It is the defendant who bears the burden of proving the defense by the preponderance of the evidence. *Harriman v. State*, 174 So. 3d 1044, 1050 (Fla. 1st DCA 2015).

Involuntary abandonments involve situations where a defendant encounters unexpected difficulty and decides not to complete the crime because of that, or "when the defendant withdraws because of a belief that the intended victim has become aware of his plans, or because he thinks that his scheme has been discovered or would be thwarted by police observed in the area of the intended crime." *Carroll*, 680 So. 2d at 1066 (internal citation omitted).

Here, the store's surveillance video shows Appellant looking around nervously as he starts to pull out two large gift bags that are not available in that store. When he sees other shoppers nearby, he returns the gift bags to their place of hiding in his backpack. After they leave his area, he once again pulls out the bags labeled "Congrats," looks around some more, and then starts filling them with expensive shirts. The store manager testified that when she moved into position behind a counter, she and Appellant made direct eye contact. Right after that, Appellant deserted his gift bags filled with shirts, turned, and can be seen on video walking out of the store. The evidence presented to the jury shows a classic example of involuntary abandonment of the crime. There was absolutely no evidence that Appellant's abandonment was voluntary and we decline Appellant's invitation to substitute rank speculation for evidence in the record. Because there was no

3

evidentiary basis for the requested jury instruction, the trial court's denial was proper.[2]


AFFIRMED.

LAMBERT, J., concurs.
EISNAUGLE, J., concurring in result, with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

[2] Appellant did not submit a written version of the requested jury instruction and there was clearly some confusion over whether defense counsel was asking for an abbreviated abandonment instruction found in a case they discussed, a standard instruction based on section 777.04(5), or some hybrid combination. This was compounded by defense counsel vacillating about what version was being requested at different times during the lengthy discussion of this one instruction. *See* Fla. R. Crim. P. 3.390(c) which states that parties should submit requested jury instructions in writing.

4

EISNAUGLE, J., concurring in result with opinion.

I agree that we must affirm Appellant's judgment and sentence because the issue Appellant raises on appeal is not reviewable on our record. Specifically, the trial court's conclusions regarding Appellant's vague request for a special instruction cannot be reviewed because Appellant failed to identify any specific language for the special instruction below—either verbally or in writing.

Instead, Appellant requested only a broadly defined *concept* for the requested special instruction. Without more detail, this court cannot evaluate whether the trial court erred when it denied the request. *See Stephens v. State*, 787 So. 2d 747, 756 (Fla. 2001) ("In order to be entitled to a special jury instruction, [the defendant] must prove: (1) the special instruction was supported by the evidence; (2) the standard instruction did not adequately cover the theory of defense; and (3) the special instruction was a correct statement of the law and not misleading or confusing." (footnotes omitted)). For instance, in the absence of a clear request for specific language, an appellate court cannot discern whether the requested instruction was a correct statement of the law and not misleading or confusing. *See, e.g.*, *Holley v. State*, 423 So. 2d 562, 564 (Fla. 1st DCA 1982) ("The reason for requiring filed, written requests for instructions is clear in the case of special, nonstandard jury instructions. Without the text of the request itself in the record there would be nothing to review."). It is not this court's responsibility to fill in the blanks for Appellant, nor is the trial court required to craft language for a party's special instruction.

Given the lack of proposed language, Appellant cannot demonstrate error on appeal. *See Cox v. Great Am. Ins. Co.*, 203 So. 3d 204, 205 (Fla. 4th DCA 2016) ("[O]n appeal[,] the duty rests upon the appealing party to make error clearly appear." (quoting *Lynn v. City of Fort Lauderdale*, 81 So. 2d 511, 513 (Fla. 1955))).