FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

Case No. 5D2022-2978
LT Case No. 2007-MH-19713

_____

MICHAEL DONOVAN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Brevard County.
Christina Serrano, Judge.

Matthew J. Metz, Public Defender, and George D.E. Burden,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Douglas T.
Squire, Assistant Attorney General, Daytona Beach, for Appellee.

July 26, 2024


EISNAUGLE, J.

In this Jimmy Ryce Act[1] case, Michael Donovan appeals the
trial court's annual review order that found probable cause did not

---

[1] The Jimmy Ryce Act, presently codified at sections 394.910-
932, Florida Statutes (2021), provides for the involuntary civil

exist to believe Donovan's condition has so changed that it is safe for him to be at large, and that he will not engage in acts of sexual violence if released. We affirm.

Section 394.918 provides that a committed person, such as Donovan, is entitled to an examination of his or her mental condition at least once every year, and that the person may "petition the court for release over the objection of the director of the facility where the person is housed." § 394.918(1)–(2), Fla. Stat. (2021). Thereafter, the trial court will "hold a limited hearing to determine whether there is probable cause to believe that the person's condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged." § 394.918(3). "If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue." *Id.*

At the limited hearing in this case, Donovan's expert, Dr. Robin Wilson, testified that Donovan's condition had so changed that he would not reoffend if released. To support his conclusion, Dr. Wilson identified two specific reasons that Donovan has changed.

First, a substantial amount of time has passed since Donovan's sexual offenses. Dr. Wilson testified that "crime is a young man's game," so Donovan has changed because he "is now 59 years old" and therefore less likely to commit crime.[2]

commitment of persons who are deemed sexually violent predators.

[2] Dr. Wilson explained that once Donovan turns 60, for instance, his Static-99R score (a measure of the likelihood that a person will sexually reoffend) will decrease by three points. According to Dr. Wilson, the Static-99R score is based on an offender's history, so "once scored, [it] is largely unchangeable. Unless, while the person is incarcerated, they move through certain age bands, which would change the score."

2

Second, Dr. Wilson concluded, quite vaguely, that Donovan's condition has changed because he "has done a bunch of the ancillary programs . . . that are not specifically related to the sex offending element, but are certainly things that would help him become . . . a better person."

Notwithstanding his opinion, Dr. Wilson acknowledged that Donovan continues to have the same personality disorder that drove his sexual offenses, and that this same disorder has caused Donovan to refuse to participate in treatment or develop a safety plan for his release. Moreover, Dr. Wilson also conceded that Donovan still has an "enhanced degree of risk" to be involved in a violent crime, but nevertheless opined that Donovan did not pose an enhanced risk of *sexual* violence.

For its case, the State attempted to enter a "Treatment Progress Report" prepared by Dr. Carrole DePass into evidence. Although the trial court sustained Donovan's objection, it took "judicial notice of the entire court file," including the report in question.

The DePass report, in pertinent part, opined:

> At present, Mr. Donovan has yet to fully address relevant treatment issues (i.e.: sexual interests, distorted attitude and behaviors, socio-affective issues and self-management) that are associated with his offending history; therefore, it is recommended that Mr. Donovan continue treatment while he is housed at the Florida Civil Commitment Center until such time that the court deems him appropriate for release.

In its order finding that probable cause did not exist, the trial court initially observed that Dr. DePass concluded "Mr. Donovan has failed to fully address relevant treatment issues, including sexual interests, distorted attitude[] and behaviors, socio-affective issues and self-management that are associated with his offending history."

3

The trial court then discussed how Dr. Wilson established that Donovan's personality disorder continues to "drive [his] actions." The trial court explained:

> Dr. Wilson candidly stated to the Court that "it is clear that Mr. Donovan is never going to do that treatment program because Mr. Donovan cannot make the rules himself to follow." Mr. Donovan even refuses to participate in creating a safety plan if he were to be released. Dr. Wilson explained that Mr. Donovan still has a personality disorder with narcissism and antisocial features that drives Mr. Donovan's actions, as shown by Mr. Donovan's steadfast refusal to participate in the recommended sex offender treatment. Dr. Wilson further explained that Mr. Donovan desires to follow only the rules that Mr. Donovan creates or wants to follow. Mr. Donovan's personality disorder has manifested itself to Dr. Wilson and is evidenced by four disciplinary reports since Mr. Donovan's last review.

Importantly, the trial court considered Dr. Wilson's testimony that "as men get older, they are less likely to engage in criminal activity," but determined that this general factor did not outweigh the evidence that Donovan's personality disorder continues to drive his actions. The trial court concluded, "Mr. Donovan's behavior has not changed in positive ways."

On appeal, Donovan raises three arguments.[3] Donovan argues that the trial court erred (1) because Donovan "presented sufficient evidence to establish probable cause that he no longer met the criteria for continuing commitment," (2) when it based a finding of no probable cause on the fact that Donovan has not completed treatment, and (3) in relying on the DePass report because it does not address "whether Mr. Donovan continues to meet commitment criteria."

---

[3] We limit our inquiry to the issues raised in the initial brief.

4

## Donovan's Expert (Dr. Wilson)

Donovan argues that the trial court's order is in error because he presented sufficient evidence to find probable cause relying, in part, on our decision in *Holder v. State*, 123 So. 3d 136 (Fla. 5th DCA 2013). In *Holder*, we stated that, at the limited hearing in that case, "the court must assume the petitioner's evidence is true" and the trial judge "must not make credibility determinations or weigh the petitioner's evidence against that presented by the State." *Id.* at 138–39. Instead, we instructed that a trial court's task was to "determine whether there is sufficient evidence . . . to conscientiously entertain a reasonable belief that the committed person's mental abnormality or personality disorder has so changed that the person is safe to be at large." *Id.* at 139 (citation omitted).

But the statute has changed since *Holder*. At the time of the limited hearing in *Holder*, section 394.918 did not expressly authorize the state to present evidence and did not permit the trial court to weigh evidence.

Section 394.918(3) now provides that "[b]oth the petitioner and the respondent may present evidence that the court may weigh and consider." As a result, our analysis to the contrary in *Holder* no longer applies, and arguing on appeal that a committed person presented "sufficient" evidence cannot, standing alone, demonstrate error. *See Cox v. Great Am. Ins. Co.*, 203 So. 3d 204, 205 (Fla. 4th DCA 2016) ("[O]n appeal the duty rests upon the appealing party to make error clearly appear." (citations omitted)).

## Donovan's Failure to Complete Treatment

Donovan argues that the trial court erred by concluding that he must complete treatment. While it is true that the statute does not require a committed person to *complete* treatment, *Spivey v. State*, 100 So. 3d 1254, 1256 (Fla. 5th DCA 2012), that is not how we read the trial court's order.

Instead, the trial court's decision is based on the fact that Donovan's personality disorder not only continues to exist but is

also actively driving his actions. The trial court did not reason that Donovan must complete treatment before he can receive a full trial. Instead, the trial court concluded that his failure to *participate* in treatment, his four recent disciplinary reports, and his refusal to create a safety plan are all caused by his existing personality disorder.

On appeal, Donovan does not challenge the trial court's finding, based on entirely undisputed evidence, that his personality disorder remains unchanged, or that his failure to *participate* in treatment is evidence that his disorder continues to drive his actions. As such, Donovan has not demonstrated error on this point either. *See Cox*, 203 So. 3d at 205.

In any event, Donovan's comparison of this case to our decision in *Spivey* is unpersuasive. In *Spivey*, the petitioner developed a "Relapse Prevention Plan that was appropriate and thoughtful," and also demonstrated that his "behavior had changed in positive ways, as a result of his *participation* in the treatment program." *Spivey*, 100 So. 3d at 1257 (emphasis added). As such, we reasoned the evidence in *Spivey* supported a finding of probable cause because the statute does not require a committed person to complete treatment. *Id.* at 1256 ("Section 394.918(3), Florida Statutes (2010), contains no requirement that the committed person must complete the treatment program established by the Florida Civil Commitment Center.").

The situation in *Spivey* stands in stark contrast to Donovan's condition in this case. Here, Donovan did not substantially participate in treatment, he refused to develop a safety plan, and his behavior has not changed "in positive ways"—all because he continues to suffer from the same personality disorder that caused his offenses in the first place. [4]

---

[4] We are also aware that *Spivey* was decided based on the prior version of section 394.918, Florida Statutes.

6

**The State's Report (Dr. DePass)**

Finally, Donovan appears to argue that the trial court erred when it relied, in part, on the report of Dr. DePass because that report does not opine on "whether Mr. Donovan continues to meet commitment criteria." Even if the DePass report would not be sufficient, on its own, to support a finding of no probable cause, we conclude that the report was relevant because it addressed Donovan's failure to "fully address relevant treatment issues (i.e.: sexual interests, distorted attitude and behaviors, socio-affective issues and self-management) that are associated with his offending history." We cannot say that the trial court erred when it relied, in part, on relevant portions of the DePass report.

In conclusion, Donovan has failed to establish reversible error on appeal. We must therefore affirm.

AFFIRMED.


LAMBERT and PRATT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

7